## J. O. HEADLEY AND OTHERS V. JOHN J. GOOD.

A creditor, who sues upon a bond, given for the settlement of an estate, under the 111th section of the Act of 1848, in relation to the estates of deceased persons, (O. & W. Dig., Art. 823,) is entitled to a personal judgment and execution against the obligors, for the full amount of his debt; although the principal obligor applied for the distribution of the property of the deceased, in right of his wife, and of a minor for whom he was guardian.

If the suit were against the distributees, they would only be liable for their just proportion of the debt, according to the estate received by them in the distribution.

An attorney, under a contract to defend a party against a criminal accusation, for which he stands indicted, is not bound to defend a suit upon a *scire facias*, on the forfeiture of the bond for his appearance to answer to the indictment.

In a suit to recover the amount of a note, (allowed by the administrator, and approved by the chief justice,) against the obligors of a bond, given to pay the debts of the estate, the defendants answered, that the note was given as an attorney's fee, in consideration that the plaintiff would defend the maker on an indictment for murder, but that he died before a trial was had upon the said indictment, and that the plaintiff had rendered him no service, beyond giving advice and counsel, which were not worth the amount of the note: *Held*, that a general demurrer to the answer was properly sustained.

ERROR from Parker.    Tried below before the Hon. Nat. M. Burford.

This was a suit by John J. Good against the plaintiffs in error, J. O. Headley, B. L. Richey, James Tinsley, and Samuel R. Barber, on a note for $175, executed to him by John M. Froman.

The plaintiff alleged in his petition, the execution of the note; the death of Froman; the grant of administration upon his estate; the allowance of the note by the administrator, and the approval of the same, by the chief justice, as a valid claim against the estate of Froman; that subsequently, the defendant, Headley, in right of his wife, and as guardian of Alcibiades Froman, heirs of the said John M. Froman, had made application to take the property belonging to the estate of said Froman, deceased, out of the hands of the administrator, and that

his application had been granted; that Headley, as principal, and the other defendants as sureties, had given bond for the payment of all the debts of the estate of Froman, and that the amount due the plaintiff on the said note had not been paid, &c.

The defendants answered by a general exception, a general denial, and that the note sued on, had been given by Froman to the plaintiff, who was an attorney at law, in consideration that the plaintiff would defend him against an accusation of murder, for which an indictment was then pending against him. That at the first term of the court, after he employed the plaintiff, Froman did not make his appearance, and a judgment *nisi* was taken against him and the sureties, on the bond which he had given for his appearance to answer the said indictment; that previous to the next term of the court, Froman died, but the plaintiff refused to defend the suit upon the *scire facias* issued on the said judgment *nisi*, without an additional fee; and that the guardian of the heirs of Froman had been thereby forced to pay other attorneys, $150 to defend the said suit; and that the plaintiff had rendered Froman no part of the services in consideration of which the note sued on was given, except in giving him advice and counsel in regard to the said indictment, which was not worth the amount of the note; wherefore they alleged the consideration had, in part, failed.

The plaintiff filed a general exception to the answer alleging a failure of consideration.

A jury was waived, and the cause submitted to the court, who overruled the defendants' exception to the petition, sustained the plaintiff's exception to the answer, setting up a failure of consideration, and gave judgment in favor of the plaintiff for the amount due on the note. From this judgment, the defendants prosecuted their writ of error, and assigned the following errors, to wit: 1st. The court erred in overruling their exception to the petition. 2d. The court erred in sustaining the plaintiff's exception to their answer. 3d. In rendering judgment against defendant, Headley, without including his wife. 4th.

16

In ordering execution against Headley, when he is only sued as guardian.

The defendant, Headley, however, it will be seen, was not sued as guardian, nor was his wife made a party.

*Norton & Fisk*, for the plaintiffs in error.

*John J. Good*, defendant in error, *in propriâ personâ*.

BELL, J.—We are of opinion, that there is no error in the judgment of the court below. The suit is founded upon the provisions of the 111th section of the Act of 1848, in relation to the estates of deceased persons. The petition sets forth all the facts necessary to entitle the plaintiff to maintain the action against the makers of the bond. The statute prescribes the manner in which the bond, for the purpose of enabling an interested party to take the estate out of the hands of the administrator, shall be executed. The bond, in the present case, complies with the requirements of the statute.

The statute provides, that after the execution of the bond, any creditor of the estate, whose claim is unpaid, and has been allowed by the executor or administrator, previous to the filing of such obligation, and approved by the chief justice, or established by suit against the executor or administrator, previous to the filing of such obligation, shall have the right to sue on such obligation, in his own name, and shall be entitled to judgment *thereon*, for the amount of his claim. The statute provides, that in the case of suit by the creditors against the distributees of the estate, no one of the distributees shall be liable, beyond his just proportion, according to the estate he may have received in the distribution. The present suit is not against the distributees, as such, but is upon the bond; and there was no error in awarding execution, as in ordinary cases.

We are of opinion, that the court did not err in sustaining the plaintiff's exception to the plea of the defendants, setting up a failure of the consideration for which the note was given. The

plea alleged, that the note was executed to secure the professional services of the payee, in defending the maker of the note, upon a criminal accusation. It states further, that Froman, the maker of the note, had entered into bond for his appearance in court; that he failed to appear; that judgment *nisi* was rendered against him on the bail-bond, and *scire facias* issued, &c.; and that the plaintiff below refused to defend the suit upon the *scire facias*, without additional fee. We do not think the plea a good one. It shows no breach of the undertaking, on the part of the payee of the note, to render the service which he contracted to render. The plea alleges, that he undertook to defend Froman, upon a criminal accusation. It does not allege, that he failed to do this. The payee did not contract, so far as we are informed by the plea, to defend the sureties upon the bail-bond, against a suit by *scire facias*, growing out of Froman's failure to make his appearance in court, according to the condition of the bond. The judgment is affirmed, and damages awarded for the delay.

Affirmed with damages.