W. W. WRIGHT v. McCAMPBELL & SON.

No. 2727.

1. **Surviving Partners.**—After the death of one member of a law firm the survivors brought suit for a fee, claiming as "successors" instead of surviving partners of the firm. The defendant answered that his employment of the firm was from his confidence in the deceased member, stating his death. On exceptions, *held,* that the pleadings showed that the plaintiffs were the surviving partners and entitled to recover for the services of the firm prior to the death.

2. **Parties, Right of.**—That the employment of a law firm was made from confidence reposed in one member of it who dies before the business is completed, does not affect the right of the surviving partners to recover for the work done on the contract at the time of the death.

3.  **Death Dissolves Partnership.** — The death of one member of a law firm terminates the employment by clients of such firm.

4.  **Surviving Members of Law Firm.**—Upon the death of a member of a law firm having unfinished business, the survivors have no right to insist upon continuing their services in the case, against the will of the client, because the fee has not been paid.

5.  **Testimony by the Trial Judge.**—The case was tried without a jury, and the judge was called as witness upon the value of services sued for. *Held*, no objection having been made at the time, it was no ground for subsequent complaint.

6.  **Immaterial Testimony.**—In suit by surviving law partners for a fee due the firm earned in lifetime of a deceased member, it was immaterial that plaintiffs were allowed to prove a purchase by them of the assets from the heirs of the deceased member.

7.  **Form of Judgment Entry.**—The failure to insert the full names of plaintiffs suing as a firm in the final judgment is no ground for reversal on appeal. The irregularity is corrected and costs of appeal imposed upon appellant.

APPEAL from Nueces. Tried below before Hon. J. B. Wells, Special District Judge.

The opinion contains a statement.

*G. R. Scott & Bro.*, for appellant.—A law partnership is dissolved by the death of one of the partners who compose it, and thereafter the surviving partners can not, by virtue of their survivorship alone, carry out on behalf of the old firm a contract with a client, when such contract existed and was only partially performed at the dissolution, without making a new contract with the client. Fulton v. Thompson, 18 Texas, 278; Cavitt v. James, 39 Texas, 189; White v. Tudor, 24 Texas, 639; Speake v. White, 14 Texas, 364; Kottwitz v. Alexander, 34 Texas, 689; Alexander v. Lewis; 47 Texas, 481; Scholefield v. Eichleberger, 7 Pet., 586; Pars. on Part., 475; Story on Part., secs. 343, 344, 322, 317, 245–51; Smith v. Bittenham, 109 Ill., 540; Smith's Mercantile Law, 55, and note.

*Stanley Welch* and *D. McNeill Turner*, for appellees.—Where plaintiffs sue in their own right, and also as the assigns of a former partner, they are not required to plead the evidence of their right. Thomas v. Chapman, 62 Texas, 194; Railway v. Freeman, 57 Texas, 156; Wofford v. Wells, 52 Texas, 612.

HENRY, ASSOCIATE JUSTICE.—Appellees instituted this suit to recover from appellant the sum of $1217, charged to be due them for professional services rendered in a suit against appellant in the District Court of Neuces County by plaintiffs, "the firm of McCampbell & Givens, and by plaintiffs as the successors and assignees of said firm."

The petition charges that John S. McCampbell and E. A. McCampbell compose the law firm and partnership of McCampbell & Son, and that

they are "the lawful successors and assigns of the law firm of McCampbell & Givens, doing business from 1879, and many years prior thereto, up to January, 1887, under said firm name, and composed of John S. McCampbell, John S. Givens, and E. A. McCampbell."

The petition charges that "On or about the 25th day of May, 1885, while the said partnership of McCampbell & Givens was continuing, a suit against defendant for land was filed in the District Court of Nueces County, numbered 1592, and entitled Frierson et al. v. M. A. Rogers et al., and defendant employed said firm through one of its active members, John S. Givens, to defend and represent his rights therein; and that said firm accepted said employment, whereby defendant promised and became liable to pay them the fair and reasonable value of their services therein; that said firm of McCampbell & Givens, and plaintiffs as the successors and assignees of said firm, did for a period of more than three years, at each term of said court, appear and defend the interests of said defendant in said cause, and yield and give much time, experience, legal knowledge, skill, labor, study, and care to the said defense, and to the successful end that judgment was rendered in favor of the said defendant at the Spring Term of said court in the year 1888; that the above named sum is a fair and reasonable compensation for said services."

The cause was tried without a jury, and judgment rendered for plaintiffs. The defendant answered by general and special exceptions, and among other defenses pleaded that he "employed the said Givens to defend the suit, and that he was informed that he appeared and defended said cause for defendant up to the —— day of January, 1887, when he, the said Givens, departed this life; and that he never at any time employed plaintiffs to represent him, but after the death of Givens he notified them that he did not want their services."

The court filed conclusions of law and fact substantially as follows:

That previous to the 20th of January, 1887, the firm of McCampbell & Givens was composed of John S. McCampbell, John S. Givens, and E. A. McCampbell, and that it was dissolved on said date by the death of John S. Givens; that plaintiffs in this suit, as surviving partners, under the firm name of McCampbell & Son, assumed all the liabilities and carried out all the partly performed contracts of the old firm of McCampbell & Givens; that McCampbell & Son, by purchase and payment of a valuable consideration, became the owners of the interest of their deceased partner in all the unperformed contracts of the old firm.

Also, that in said cause 1592 of Frierson et al. v. Rogers et al., the defendant Wright employed the said firm of McCampbell & Givens to represent and defend his interest therein, and that said firm did so defend and represent him, "yielding fully two years service in the examination of old Spanish titles, investigating mesne conveyances and cum-

bersome records of genealogical descents, and that said defense was nearly completed at the time of the death of said John S. Givens."

Also, that McCampbell & Son, as the lawful successors and assigns of the firm of McCampbell & Givens, believed themselves entitled to carry out the partly performed contracts of the old firm after the death of said Givens, and that they continued to represent the said Wright, and filed a complete answer in said cause, and continued their services therein to its successful termination by judgment rendered in August, 1888.

Also, that some time in the year 1887, and after the death of Givens, they were informed by G. R. Scott, who represented himself to be the attorney of the defendant Wright, that he, Wright, required their services no longer, but that they did not consider themselves discharged by such notice.

Also, that defendant Wright owned 4067 acres of the land that was in controversy in said suit, and that it was not worth less than three dollars per acre; that a reasonable compensation for the services performed in said suit by plaintiffs' firms would be anywhere from ten to twenty-five per cent of the value of the land in controversy.

Also, that the statement of Wright's desire to discontinue their employment made to plaintiffs in 1887 was sufficient to put them on notice.

The conclusions of law are:

"1.   That plaintiffs can not recover for their services after the notice was given in 1887, and the death of Givens.

"2.   That they should recover as surviving partners of McCampbell & Givens, and the lawful assigns of the deceased John S. Givens, for their services up to the time of his decease and said notice.

"3.   That as said defense had been virtually and fully prepared in the lifetime of said John S. Givens, plaintiffs are entitled to a fair proportion of the amount sued for by them up to the time of the decease of said Givens and the notice of discontinuance of their services by said Wright, which I judge to be three-quarters of the amount claimed in their petition, amounting to the sum of $912.75, to bear interest at the rate of 8 per cent per annum from the first day of January, 1889."

The judgment was entered in favor of plaintiffs in their firm name of McCampbell & Son, without the full names of plaintiffs in any way appearing.

The defendant reserved a bill of exceptions to the conclusions of fact and law filed by the judge.

A great number of errors are assigned, which we think it unnecessary to discuss in detail. The larger number of them relate to the action of the court in overruling the exceptions of defendant to plaintiffs' petition, the admission of certain evidence, and the sufficiency of the evidence to support, in a number of particulars, the judge's conclusions of fact.

The exceptions to the petition are predicated upon the proposition that

the general statement in the petition that plaintiffs sue as the "successors and assigns" of the firm of McCampbell & Givens, by which firm part of the services that they claim compensation for and for which they recovered were performed, does not set forth a state of facts authorizing a recovery. The court only rendered judgment in favor of plaintiffs for such services as had been rendered by the firm of McCampbell & Givens. Plaintiffs' petition, while it styles them "successors" instead of surviving partners of said firm, by alleging that they were the only partners of Givens at the date of his death, states the facts that would upon his death make them the surviving members of that partnership.

The petition is defective in this particular in not alleging that Givens was dead. But the answer of defendant contained that allegation distinctly and cured the omission. The pleadings of both parties, considered together, showed that the facts existed that entitled plaintiffs to sue as surviving partners of the firm of McCampbell & Givens for the fee earned by that firm, and their being styled "successors" instead of surviving partners was properly held not to be good cause for exception.

The pleadings and the evidence show that the employment of the firm of McCampbell & Givens was induced by the confidence reposed by defendant in the professional skill and fidelity of Givens, but that fact did not affect the interest of plaintiffs in the fee earned by him as a member of the firm, or impair their right to maintain an action as surviving partners for so much of it as had been earned at the time of his death.

The death of Givens dissolved the partnership and terminated the employment. McGill v. McGill, 2 Metc., 260. If the surviving members of the firm chose to perform the unfinished work, and the defendant had consented or acquiesced in their doing so, he would have thereby become bound to pay them as surviving partners and in their own right such compensation as the services were reasonably worth. He had, however, the right to discontinue the employment of the surviving members of the firm after the death of Givens, and they had no right to insist on continuing their services because they had not been paid for previous services, nor for any other reason, contrary to the wishes of the defendant.

Evidence was admitted of the performance of services by appellants after they had been notified of their discharge, but as the court limited its judgment to compensation for such services as had been previously rendered, the evidence did not prejudice appellant, and the error of its admission was rendered immaterial.

As plaintiffs' relation of surviving partners was sufficient authority for them to maintain this action, the question of their right to recover under their allegation that they held the claim as assignees, and their proof that they were purchasers for value of the interest of the only heir of their deceased partner in the claim, became immaterial. If the issue

had been material, we find no error in the rulings upon it that the defendant in this suit can properly complain of.

The presiding judge was sworn as an expert as to the value of appellees' services. It seems that no other witness was called upon that issue, and no objection was made to his testifying, or to his evidence. Such objection comes too late when taken for the first time in this court.

The conclusions of fact and law are taken up in detail and exhaustively by numerous assignments of error, and objected to—the conclusions of fact because not sustained by the evidence, and the conclusions of law because not supported by the conclusions of fact.

The record contains a statement of facts, which we look to, as in every other case, only to see whether there is evidence sufficient to sustain the conclusions of fact.

We think that all of the material facts found are sufficiently sustained by the evidence, and we approve the conclusions of law deduced from them.

The judgment entry not containing the full names of plaintiffs, fails in that particular to conform to the rule.

The judgment will be reformed in this one respect, and affirmed at appellant's cost.

*Affirmed.*

Delivered January 24, 1890.