### Joseph Landa v. J. R. Shook et al.
#### No. 262.

**Legal Services—Death of Member of Firm.**

Upon the death of a member of a law firm employed in a pending suit, the contract is at an end. Upon the client refusing to accept the services of the survivor, he can maintain an action for the value of the services of the firm already performed ........................................... 611

Certified Question from Court of Civil Appeals for Third District, in an appeal from Comal County.

The statement, with the question certified, is here given:

"This suit was brought by plaintiffs, John R. Shook, T. T. Vanderhoeven, and Emmy Dittmar, devisee and independent executrix of the estate of Albert Dittmar, to recover $3000 for legal services rendered by the firms of Shook & Dittmar, and Shook, Dittmar & Vanderhoeven, in the case of Jacob Obert v. Joseph Landa. A verdict and judgment were rendered for the plaintiffs.

"Under pleadings authorizing the testimony, it was shown by undisputed evidence, that in the year 1883 the defendant, Landa, who is appellant in this court, employed the firm of Shook & Dittmar, attorneys at law, to take charge of and conduct his defense in the case of Jacob Obert v. said Landa, then pending in the District Court of Comal County; that Landa employed said firm because of the personal confidence and trust reposed by him in said Dittmar, and upon an understanding and agreement that said Dittmar was personally to render the services contracted for. It was further agreed, that Dittmar, for his firm, was to represent Landa in the case until the case was finally disposed of; and when so finally disposed of, Landa was to pay said

firm the reasonable value of the services rendered by Dittmar. Vanderhoeven was admitted into the firm in 1886. In pursuance of said agreement, Dittmar took charge of the case of Obert v. Landa in 1883, and, acting for his firm, represented Landa in the case, and rendered considerable and valuable services as attorney therein from 1883 until June, 1887, when said Dittmar died.

"After the death of Dittmar, Shook & Vanderhoeven, the surviving members of the firm of Shook, Dittmar & Vanderhoeven, and who are shown to be good lawyers, offered to represent Landa in the said suit under the aforesaid contract, and to defend him therein until said case of Obert v. Landa should be finally disposed of. This offer Landa declined to accept, and he notified Shook & Vanderhoeven that he did not desire their services in the case; and after such refusal this suit was instituted. At the time this case was tried in the District Court, the case of Obert v. Landa had not been finally disposed of.

"Under the foregoing facts, the District Court instructed the jury, in effect, that if, after the death of Dittmar, Shook & Vanderhoeven, the surviving members of the firm, were ready and willing to carry out the original contract and represent Landa in the case of Obert v. Landa, and Landa refused to permit them to do so, such refusal rendered the claim for services rendered before Dittmar's death due and recoverable. The appellant assigns the foregoing charge as error, and contends that the debt was not due, and would not be until the case of Obert v. Landa was finally disposed of.

"This court certifies to the Supreme Court for its decision the following question: Did the District Court err in holding and charging, as above stated, as to the time of the maturity of the plaintiffs' demand?"

*J. D. Guinn,* for appellant.—We recognize the proposition that surviving partners must complete the contracts of the firm in some instances. But it is universally held, that this is not the rule in cases where contracts require the personal services of the deceased partner. Ayers v. Railway, 52 Iowa. In our State the doctrine is well settled. Fulton v. Thompson, 18 Texas, 278; Story on Part., 317. Then, on the death of Dittmar the duties of the partners ceased, as did the employment, and they had no more to say until their bill was due by virtue of the contract.

When a party employs a firm, it is entitled to the services of all of that firm, and they can not supply the place of one of the firm by even superior ability (Morgan v. Roberts, 38 Illinois, 65; Weeks on Attorneys, section 365); and it mattered not whether Shook & Vanderhoeven were good lawyers or not. Landa did not think so, and the employment of a lawyer is a matter of special trust and confidence (18 Texas, 140), and did not feel under any obligations to intrust the defense of the case to them.

And now the question is fairly before us, and it is this: was he under the necessity to employ the remnant of the firm? Suppose Landa had given his note to Shook & Dittmar, to the effect that he would pay them the sum of $1000, in consideration of their services in the case, stating positively that same was not, however, to be paid until the final termination of the case, and should or should not incorporate his reasons for not paying until that time (as I do not think it material, if reasons existed) in the agreement or note, instead of a verbal agreement (which is certainly the same thing), but before the suit terminated, one of them should die. It could not and would not be pretended that the death of one of the parties matured the claim before the suit was brought to an end; nor do we understand that appellee so contends. Now, as we have seen, by the death of one of the firm the contract is terminated and the partnership dissolved. 75 Texas, 644. Neither the employer or employe is under any obligations to the other so far as to who shall complete the contract. Then upon what theory can it be maintained, that the bill for the quantum meruit is due and actionable? Not by virtue of the language of the contract, because it says to the contrary; not by virtue of the original intention, because that matter was canvassed in the outset and the intention was made manifest. In order to mature the claim and take it out of the pale of the law, there must be some reason. What was it in the case at bar? Certainly not because Landa discharged them, for when Dittmar died the employment was at an end, and he can not discharge a man from his employment when he is not in it. The relation of employer and employe did not exist at this time between the parties. If so, was not Landa free to employ whomsoever he pleased?

*Thos. H. Franklin*, for appellee.—By the death of Dittmar, the contract was rendered impossible of performance by the other members of the firm, unless Landa assented to a performance of same by them. Landa refused to permit them to perform the contract. The contract was then breached. A specific performance of same could not be enforced. A recovery could not be had on it, for it had not been fully performed. A recovery could be had on the quasi or implied contract for services rendered by Dittmar to date of his death. This right of recovery accrued upon the breach. The right to sue existing, the statute of limitations began to run from that time.

This suit, therefore, not being upon the contract, but upon the quasi or implied contract that Landa should pay for services rendered by Dittmar prior to his death, the charge given by the court was correct. Wright v. McCampbell, 75 Texas, 644; Little v. Caldwell, 101 Cal., 553; Clark on Con., 644, et seq.; Laws on Con., secs. 40, 440, 441; Wood on Lim., 269, et seq., and notes.

In the case of Hall v. Wright, El. B. & E. (96 E. C., L. R.), 793, the court says: "A contract whose performance depends upon the personal capacity of the parties, is discharged by their death or incapacitating illness."

In Baird v. Ratcliff, 10 Texas, 82, Judge Hemphill says: "If the plaintiff had voluntarily abandoned the case of his client, he could not have recovered on a note; but if he had died, and thus been deprived, by the act of God, of the ability to render future services, he would have been entitled to the value of those already rendered." Citing Wright v. McCampbell, 75 Texas, 648; McGill v. McGill, 2 Metc., 260; Randolph v. Randolph, 34 Texas, 185.

GAINES, CHIEF JUSTICE.—We are of the opinion that the Court of Civil Appeals did not err in charging the jury as stated in the question certified.

We are inclined to think, that it was a matter of no importance whether, in employing the firm of Shook & Dittmar, Landa contracted specially for the professional services of Dittmar or not. But the services of Dittmar having been contracted for, when he died, the performance of the contract was impossible; and this result was brought about without the fault of either party. The contract was at an end. It was annulled by the happening of an event not expressly provided for in the agreement between the parties. Clearly, Dittmar having died, Landa had the right to decline to accept the services of Shook in performance of the contract on part of the firm. Whether Shook would have been bound to defend the suit to the end, had Landa demanded it, is a question we need not determine. Shook having offered his services, and Landa having declined to accept them, the latter became liable to pay the reasonable value of the services already rendered. The cause of action was, however, not upon the contract, for that, as we have seen, had ceased to have any effect. Landa had received the benefit of the services of the firm, and the law implies a promise that he should pay for them. The services of Dittmar in defending the suit to its final determination was a condition precedent to a recovery upon the contract. Not having performed the contract on their part, nothing in their behalf can be claimed under it. But its performance having become impossible, without any fault on their part, compensation was due for the services actually rendered, and for this the surviving partner was entitled to sue. The cause of action arose incidentally as a result of the contract, but it was not a cause of action upon the contract. It was not regulated by the terms of the agreement; and it accrued, if not at the time the contract ceased to exist, at least as soon as Landa declined to receive Shook's services in performance of the agreement.

The case is not distinguishable from any other action for the value of services performed in which there is no express contract for the services. The cause of action accrues when the services are rendered.

Delivered March 25, 1895.

DENMAN, Associate Justice, did not sit in this case.