**LODEN et al. v. FISH.** (No. 3266.)

Court of Civil Appeals of Texas. Amarillo. Sept. 11, 1929.

Rehearing Denied Sept. 25, 1929.

W. T. Brothers, of Amarillo, for appellants.

Underwood, Johnson, Dooley & Simpson, and S. E. Fish, all of Amarillo, for appellee.

RANDOLPH, J. This suit was filed by S. E. Fish, as plaintiff, against Laura Loden individually and as independent executrix of the estate of L. G. Loden, deceased, Alva Ray Loden, H. T. Neely, and E. W. Hardin, as defendants, upon certain notes alleged to have been executed by L. G. Loden, deceased, and delivered to this plaintiff in payment of professional services rendered and to be rendered by the plaintiff to said L. G. Loden. The suit to recover upon the notes was brought against Mrs. Loden individually and as independent executrix and against her, Neely, Hardin, and Alva Ray Loden, to foreclose plaintiff's alleged superior lien upon property of the estate of L. G. Loden, deceased.

The defendants filed answers and cross-actions, which are not necessary to discuss here, except as they present the claim of the termination of the employment of the plaintiff by reason of the death of L. G. Loden.

The trial court, upon hearing the case, submitted only two issues to the jury:

(a) Whether or not $35 was a fair and reasonable charge for services rendered by the plaintiff Fish to L. G. Loden in the preparation of contracts and not covered by any of the notes sued on by plaintiff; and

(b) If not, then what amount, from the preponderance of the evidence, is a reasonable charge for such services?

The jury answered section (a) of the above issue in the affirmative, and the trial court thereupon rendered judgment for the plaintiff for his debt and foreclosure as prayed for, but declared the lien of Hardin to be superior to plaintiff's lien as against certain property belonging to Loden's estate. From this judgment, the defendants Mrs. Loden, individually and as executrix, and Alva Ray Loden, have appealed to this court.

Quite a number of propositions presenting alleged errors have been urged here, but the controlling question, rendering unnecessary a discussion of those propositions relates to plaintiff's right to recover upon two of the notes sued on; it being alleged that the evidence showing that the professional employment of plaintiff had terminated and the work he had been employed to do had been only partially performed, therefore he was entitled to recover only upon a quantum meruit and was not entitled to recover the agreed contract compensation for the full performance of the work.

The notes for $250 and for $500, respectively, were given in advance for work to be done by plaintiff by the deceased Loden, and the work contemplated of the plaintiff was not completed by him at the time of the death of Loden. It appears also that the plaintiff was ready, able, and willing to complete the work; but Mrs. Loden practically refused to let him proceed further, but employed another attorney to complete the work. Her contention is that Loden's death terminated the employment and that the plaintiff is only entitled to recover the value of the services actually rendered Loden prior to his death.

The evidence clearly establishes the professional employment of the plaintiff as an attorney in two suits against Loden; his partial performance of work in each of the cases; that the notes were given in payment of the compensation promised the plaintiff; that Mrs. Loden refused to let the plaintiff continue in the performance of his duty as such attorney or to permit him to represent her in the matter of the suits against the estate, which were pending at the time of Loden's death.

"Contracts for personal services requiring skill which can be performed only by the person named, are held not an absolute obligation, under all circumstances, but subject to the implied condition that the person designated shall be able to perform. Consequently, if an attorney dies before he has prosecuted to a judgment or settlement a litigation which he has undertaken to conduct for a certain compensation, his contract is at an end; and the compensation agreed upon cannot be recovered by his representative under the agreement, because he did not, and his representative cannot, carry out his agreement." 6 C. J. 726, § 298.

This rule is based upon the sound reason that the client has contracted with the attorney because of his confidence in the peculiar skill and ability of the particular attorney selected, and such substitute attorney is not permitted by the death of the contracting attorney to conclude the work undertaken

by him. A substitute cannot be selected to perform his duty under the old contract. Such substitute may not be in the confidence, and in fact might not be fully capable of performing the duties, resting upon the deceased attorney. It is true that the client may make an unwise selection, but he has the right of selecting the substitute and, having done so, becomes himself responsible for his own errors of judgment Where the client dies, the rule is, in reason, a different one. It is true that where there is no special contract between client and attorney, the death of the client terminates such general employment; but where the attorney is acting under an express contract, as in this case, the death of the client does not affect or terminate the contract of employment. 6 C. J. 727, § 299. This must be the rule, for the attorney of the client's selection has performed a part of his duty under his contract and stands ready, willing, and, so far as this record discloses, abundantly able to complete the work remaining unfinished. There is no special confidence reposed by the lawyer in his client. The client has only the legal duty to pay his lawyer compensation according to the contract. Where there is no personal co-operation required on the part of the client, there is no reason why the death of a client should terminate the contract. 3 Williston on Contracts, § 1941.

In the case of Headley v. Good, 24 Tex. 232, Good, an attorney, brought suit to recover attorney's fees evidenced by a note signed by John M. Froman, which had been given to Good as a fee for defending Froman against a charge of murder. At the first term of court after which Good had been employed, Froman failed to make his appearance, and a judgment nisi was taken against him and his sureties on his appearance bond. Previous to the next term of court, Froman died. The plaintiff refused to defend the suit upon the scire facias issued on the judgment nisi without an additional fee and other attorneys had been employed in that action. Upon these facts the Supreme Court held: "We are of opinion, that the court did not err in sustaining the plaintiff's exception to the plea of the defendants, setting up a failure of the consideration for which the note was given. The [235 of 24 Tex.] plea alleged, that the note was executed to secure the professional services of the payee, in defending the maker of the note, upon a criminal accusation. It states further, that Froman, the maker of the note, had entered into bond for his appearance in court; that he failed to appear; that judgment nisi was rendered against him on the bail-bond, and scire facias issued, etc.; and that the plaintiff below refused to defend the suit upon the scire facias, without additional fee. We do not think the plea a good one. It shows no breach of the undertaking, on the part of the payee of the note, to render the service which he contracted to render. The plea alleges, that he undertook to defend Froman, upon a criminal accusation. It does not allege, that he failed to do this. The payee did not contract, so far as we are informed by the plea, to defend the sureties upon the bail-bond, against a suit by scire facias, growing out of Froman's failure to make his appearance in court, according to the condition of the bond. The judgment is affirmed, and damages awarded for the delay."

In the case at bar, as stated, the plaintiff was prevented from carrying out and performing his duty by the executrix, while in the Good Case the attorney was first denied the right to perform his duty by the default of his client, but the significance of the decision is that the Supreme Court sustained a recovery on an express contract, notwithstanding the work had not been completed and notwithstanding the death of the client before it could be completed.

All assignments of error are overruled, and the judgment of the trial court is hereby affirmed.