**Clare Dodge CHILDERS et al., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 69–H–1116.**

United States District Court, S. D. Texas, Houston Division.

July 8, 1970.

**540**

Brown, Kronzer, Abraham, Watkins & Steely, W. W. Watkins, Houston, Tex., for plaintiffs.

Anthony J. P. Farris, U. S. Atty., and Rex R. Green, Asst. U. S. Atty., Houston, Tex., for defendant.

CONNALLY, Chief Judge.

*MEMORANDUM:*

This is a tort claims action against the United States of America to recover for the death of Hal G. Childers. The defendant has filed a motion to dismiss, or alternatively for summary judgment, pleading the six month limitation period (following notice of denial of claim) under (b) of § 2401 of Title 28 U.S.C.A. The motion is well taken and will be granted. The facts, which are without dispute, are set out below in chronological order.

Mr. Childers' death occurred December 19, 1967, when the airplane which he was piloting, and which he had rented from Tarco Aviation, Inc., crashed in bad weather as he was undertaking to effect a landing near the Houston Airport.

Shortly thereafter the plaintiff here, his widow, on her own behalf and that of her and Mr. Childers' minor children, employed Charles W. Austin, Esq. to represent her and her children in seeking recovery for his death. At Mr. Austin's recommendation, the firm of Brown, Kronzer, Abraham, Watkins & Steely was associated with Mr. Austin in the representation. This firm is considered highly experienced and competent in the personal injury field, in general, and in aviation injury and death cases in particular. The arrangements for this representation were had between Mr. Austin and Mr. Kronzer of the named firm. The contract of employment reads, in part, that Mrs. Childers, for herself and as next friend of her minor children, "has employed Charles W. Austin and Brown, Kronzer, Abraham, Watkins & Steely as attorneys to prosecute and collect a certain claim held by the Client against Tarco Aviation, Inc., Piper Aircraft Company and all others legally responsible on account of the death of Hal G. Childers * * *." Thereafter, in due course and with the consent of the client, the file was assigned to Mr. Steely of that firm for handling.

Thereafter Mr. Steely filed suit against Tarco Aviation, Inc. in the state court and likewise filed claim with the Federal Aviation Administration on July 23, 1968.[1] Mr. Steely and the

---

1. See Part 14 of 28 Code of Federal Regulations for administrative regulations under which such claim was filed, considered, and denied.

office of the General Counsel of FAA exchanged a series of letters with regard to the claim during the next several months. At the request of FAA, Mr. Steely prepared and filed a "Statement of Authority" executed by Mrs. Childers reciting that she was the widow and mother of the minor children of Mr. Childers, as well as co-administrator of his estate. She stated, in part, "I have employed Mr. Charles W. Austin, Mssrs. Brown, Kronzer, Abraham, Watkins and Steely and Robert L. Steely as attorneys to represent me in causes of action arising out of the death of my husband, Hal G. Childers * * *."

On February 6, 1969, Mr. Steely was killed when his private aircraft crashed near Jacksonville, Florida. This accident was routinely investigated by investigators of the FAA stationed in Atlanta, Georgia. They, of course, had actual knowledge of Mr. Steely's death. There is nothing to indicate that the office of the General Counsel of FAA, or any employee of FAA considering the Childers' claim, had actual knowledge of the death of Mr. Steely. They were not advised by the firm.

On February 18, 1969, by letter addressed as follows:

"Robert L. Steely, Esquire
Brown, Kronzer, Abraham, Watkins & Steely
500 Houston First Savings Building
711 Fannin Street
Houston, Texas 77002"

and sent "Certified Mail—Return Receipt Requested", the General Counsel of FAA denied the claim filed in that office July 23, 1968, and advised, in part, as follows:

"You may, if you are dissatisfied with this determination, initiate action in an appropriate United States District Court, pursuant to the provisions of the Federal Tort Claims Act, Title 28 U.S.C., Section 1346(b) and 2672 et seq., not later than six months after the date of mailing of this notification."

This communication was received by the firm, and receipted for by the receptionist, using a rubber stamp for the firm's signature and her own signature as "Signature of addressee's agent, if any". What happened to this communication thereafter is somewhat uncertain. It is suggested in an affidavit of one of the attorneys of the firm, and it seems reasonable, that it was handed to the secretary who formerly had served Mr. Steely. At any event, it was placed in the "evidence" file of the case, this being an inconspicuous and probably an inappropriate portion of the file.

On or about February 20, 1969, the firm made distribution of Mr. Steely's cases to other firm members. The Childers case was assigned to Mr. W. W. Watkins. The denial letter never came to Mr. Watkins' attention—or apparently to the attention of any other attorney —until long thereafter.

This action was filed in this court November 13, 1969. The motion to dismiss was filed January 14, 1970. Mr. Watkins asserts by affidavit that he had no knowledge of the denial letter prior thereto.

Section 2401(b) of Title 28, U.S.C.A., reads as follows:

"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

The plaintiff contends that mailing of the denial letter is not sufficient; that receipt is required. It is argued further that Mr. Steely, not the firm, was the one to whom the notice was addressed; that because of his death some two weeks earlier he, of course, never received it; and it is argued that the letter, addressed as it was, was not notice to the firm. It is argued further

that Mr. Steely's death immediately dissolved the firm (a partnership); and thereafter notice could only be sent to the claimant.

■ These contentions, in my judgment, are unavailing. It is clear that it was not Mr. Steely alone who was authorized to represent Mrs. Childers in the matter but that it was Mr. Austin and the firm of which Mr. Steely was a member. In his several letters to the attorneys of the FAA, Mr. Steely invariably signed his correspondence, "Robert L. Steely, For the Firm."

As noted in the quotation of the statute above, the six month limitation period is defined as "within six months after the date of *mailing*." (Emphasis added.) Fortunately, we are not faced with the hard choice which would be presented in the event the statutory scheme for notice had failed, as if, for example, through loss or delay in the mail the notice had not been received in time, or perhaps not at all. Here, the scheme worked perfectly. The notice was received by the same individual to whose attention it would likely have come had Mr. Steely been alive. The difficulty here simply lies in the fact that the receptionist and the secretary were not sufficiently alert to the importance of this certified letter, and its contents, to call same to the attention of a firm member; and the further fact that Mr. Watkins permitted five and one-half months to elapse after the file was assigned to him without making a complete examination of the file, and without making inquiry of the FAA as to the status of the claim.

■ Where, as in the Tort Claims Act, a sovereign waives its immunity, and by statute creates a cause of action and consents to be sued upon it, suits filed thereunder must be filed in exact compliance with the terms of consent. This is a condition precedent to suit. Simon v. United States, 244 F.2d 703 (5th Cir. 1957).[2] Provisions of state law which normally have the effect of tolling the statutes of limitation, such as minority, (Simon v. United States, supra), or the pendency of a workman's compensation claim [Mendiola v. United States, 401 F.2d 695 (5th Cir. 1968)] are not given that effect when the claim is under the Tort Claims Act. This being so, I suggest that the equitable considerations here involved likewise should not extend the statutory period. The "six month period following denial of claim by the administrative agency" provision of 2401(b) of Title 28 is entitled to the same strict construction as other limitation provisions, and is not to be extended by implication. Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir. 1970) and cases there cited.

The notice of denial of claim was in proper form. It was properly addressed and mailed. It was received by the firm, one of the entities authorized by the "Statement of Authority" filed pursuant to the Code of Federal Regulations to represent the plaintiff. The fact that it did not come to the attention of a person of discretion within the firm does not alter this fact. The action was not timely.

The motion for summary judgment is granted. Counsel for the defendant will prepare appropriate order, submit same to plaintiff's counsel for approval as to form, and forward to the Court for entry.

---

2. Judge Hutcheson in this opinion quotes extensively from 34 Am.Jur. "Limitation of Actions," Sec. 7, reading in part as follows: "A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right." (At pp. 704–5.)