Clare Dodge **CHILDERS** et al.,
Plaintiffs-Appellants,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 30587.

United States Court of Appeals,
Fifth Circuit.

May 10, 1971.

W. James Kronzer, W. W. Watkins, Houston, Tex., for plaintiffs-appellants.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Rex R. Green, Asst. U. S. Attys., Houston, Tex., for defendant-appellee.

Before SKELTON *, Judge, and MORGAN and CLARK, Circuit Judges.

SKELTON, Judge:

This is a tort claims action against the United States whereby plaintiff, Clare Dodge Childers seeks recovery for the alleged wrongful death of her husband, Hal G. Childers, which occurred on December 19, 1967, in a plane crash. The claim is predicated upon the alleged negligence of employees of the Federal Aviation Administration (FAA). Plaintiff's claim was properly and timely presented to the FAA. Final denial of the claim was mailed to plaintiff's attorneys on February 18, 1969. More than six months subsequent to the mailing of the notice of denial, plaintiff instituted the present suit under the provisions of 28 U.S.C.A. §§ 1346(b) and 2671 through 2680, Federal Torts Claims Act. Defendant filed a motion to dismiss the complaint, pleading the six month limitation period (following notice of denial of claim) under section 2401(b) of Title 28 U.S.C.A. District Judge Connally granted the motion of the defendant in a memorandum handed down on July 8, 1970, and dismissed the case. We are in agreement with the result and reasoning of Judge Connally's decision, 316 F. Supp. 539.

The unusual set of circumstances which resulted in this appeal are as follows: Shortly after Mr. Childers' fatal crash, plaintiff, on her own behalf and that of her minor children, employed Charles W. Austin to represent her in seeking recovery for her husband's death. She further employed the firm of Brown, Kronzer, Abraham, Watkins & Steely at Mr. Austin's suggestion. The contract of employment reads, in part that Mrs. Childers for herself and as next friend for her minor children "has employed Charles W. Austin and Brown, Kronzer, Abraham, Watkins & Steely as attorneys to prosecute and collect a certain claim held by the Client against Tarco Aviation, Inc., Piper Aircraft Company and all others legally responsible on account of the death of Hal G. Childers and said Attorneys are fully authorized to sue on said claim, prosecute the same to judgment, and to negotiate settlement thereof, * * *." The file was assigned by said law firm to Mr. Steely to handle because of his expertise in aircraft litigation.

Thereafter, on July 23, 1968, Mr. Steely filed a claim with the FAA Communications were exchanged, including a request by the FAA for a "Statement of Authority." Complying with this request, Mrs. Childers stated her authority

---

* Honorable Byron C. Skelton, U. S. Court of Claims, Sitting by designation.

to present the claim as the widow of Hal Childers and as the natural mother of his children. She further stated, "I have employed Mr. Charles W. Austin, Messrs. Brown, Kronzer, Abraham, Watkins and Steely and Robert L. Steely as attorneys to represent me in causes of action arising out of the death of my husband, * * *." Furthermore, it should be noted here that Mr. Steely always signed his correspondence with the FAA as "Robert L. Steely, For the Firm."

On February 6, 1969, Mr. Steely himself was killed when an airplane that he was piloting crashed. On February 18, 1969, approximately two weeks after his death, the FAA denied Mrs. Childers' tort claim by certified letter, return receipt requested, which letter in part stated:

Robert L. Steely, Esquire
Brown, Kronzer, Abraham,
    Watkins & Steely

    *    *    *    *    *    *

You may, if you are dissatisfied with this determination, initiate action in an appropriate United States District Court, pursuant to the provisions of the Federal Tort Claims Act, Title 28 U.S.C. Section 1346(b) and 2672 et seq., not later than six months after the date of mailing of this notification.

As can be seen, the letter was addressed to both Mr. Steely and the firm. This denial letter was receipted for by the receptionist for the firm of Brown, Kronzer, Abraham, Watkins & Steely, and in the confusion following Mr. Steely's death, it was evidently placed in the "evidence" file without any member of the firm seeing it. The letter was not discovered until after the defendant's Motion to Dismiss in the present suit. Not realizing that the FAA had denied their claim, the firm filed suit out of caution, on November 13, 1969, before the expiration of two years from the date of the accident, but after the six month limitation period from the date of denial had run.

■ The applicable statute, section 2401(b) of Title 28 U.S.C.A. reads as follows:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Plaintiff argues that the above-quoted statute contemplates a two year statute of limitation if, to quote plaintiff, "the administrative claim has been presented within the two year period and more than six months has expired since such presentation, but not more than two years have elapsed between the accident and the filing of the suit." The plain wording of the statute negates this contention as it says explicitly a tort claim against the United States is forever barred "unless action is begun within six months after the date of mailing * * * of notice of final denial." This interpretation is in harmony with the Ninth Circuit case of Claremont Aircraft, Inc. v. United States, 9th Cir. 1970, 420 F.2d 896, which involved a situation similar to the instant case. The court there held that a suit instituted within two years from the date the claim accrued, but more than six months after the notice by registered mail of the denial of the claim was barred by section 2401(b), Title 28 U.S.C.A.

Thus, the primary issue before us is whether the notice of denial by the FAA was effective to start the six months statute of limitations running.

■ Plaintiff contends that it is mandatory that the notice of denial be sent to the claimant, and, therefore notice to the claimant's attorney is insufficient. An examination of the applicable regulations illustrates that this assertion is

without merit. Section 14.9 of Title 28 C.F.R. reads in part:

> "Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail." [Emphasis supplied.]

This regulation is not in conflict with the Act nor any other regulation. It names explicitly the attorney as one of the people to whom the denial may be mailed. Furthermore, in *Claremont, supra,* the denial that began the six months limitation period was mailed to the claimant's attorneys.

■ Plaintiff's final contention is that the denial letter must be received by the addressee to be effective, as distinguished from being merely mailed, and that since plaintiff's attorney was dead, there was no receipt and thus no effective notice to plaintiff's attorney and no imputation of notice to Mrs. Childers. In addition, plaintiff argues that Steely's death terminated the partnership as well as the partnership's right to represent Mrs. Childers.

■ We do not have to reach the question of whether receipt instead of mailing is intended by the statute, as we find that the partnership was authorized to receive the denial notice and did in fact receive it. That the partnership and the members thereof were counsel of record and authorized to represent Mrs. Childers is shown by the "Statement of Authority" quoted above. This is reinforced by the fact that Mr. Steely signed all his correspondence, "For the Firm." These facts, coupled with the contract of employment, conclusively show that the firm was counsel of record and authorized to represent Mrs. Childers.

■ Notwithstanding these circumstances, plaintiff lists three Texas cases decided previous to passage of the Texas Uniform Partnership Act, to support her argument that a partnership's right to represent a client terminates upon the death of one of the partners, citing Landa v. Shook, 87 Tex. 608, 30 S.W. 536 (1895); Wright v. McCampbell, 75 Tex. 644, 13 S.W. 293 (1890); Loden v. Fish, 20 S.W.2d 208 (Tex.Civ.App., Amarillo 1929), writ refused. These cases are distinguishable from the present situation in that the client in *Landa* and *Wright* employed a particular member of the firm and upon the death of that partner, the client specifically gave notice to the firm that he no longer desired their services. Even under the cases cited by plaintiff, the surviving partners are entitled to continue representing the client as long as he consents or acquiesces in their representation. It should also be noted that in *Wright,* the partnership could recover for services performed after the death of a partner up until the time notice was given by the client that he no longer desired their services. In our present situation, there is no evidence that Mrs. Childers ever repudiated the partnership's continued representation of her with respect to said claim. In fact, it appears that the firm of Brown, Kronzer, Abraham, Watkins & Steely still represent her. Loden v. Fish is distinguishable in that it involved the death of the client.

Plaintiff also cites the Supreme Court case of Tripp v. Santa Rosa Street RR, 144 U.S. 126, 12 S.Ct. 655, 36 L.Ed. 371 (1892), but that case is distinguishable because it states that notice to a deceased attorney's partner is not effective if the surviving partner was not counsel of record. Here the surviving partners were counsel of record.

■ Furthermore, the Texas Uniform Partnership Act, R.S. 6132b, Vernon's Ann.St., effective January 1, 1962, provides authority for the proposition that the partnership was qualified and authorized to receive notice on behalf of Mrs. Childers. It provides that the dissolution of a partnership by the death of a partner is not equivalent to termination. Section 30 of said Act entitled "Partnership Not Terminated By Dissolution," provides:

> On dissolution the partnership is not terminated, but continues until the

winding up of partnership affairs is completed.

The winding up of partnership affairs upon dissolution involves completing transactions begun but not then finished. Section 33 of the Act preserves the authority of any partner to act for the partnership that has been dissolved "* * so far as may be necessary to wind up partnership affairs *or to complete transactions begun but not then finished.* * * *" [Emphasis supplied.]

Section 35 of the Act binds the partnership as to third persons after dissolution "By any act appropriate for winding up partnership affairs or completing transactions *unfinished* at *dissolution*;" and further binds the partnership as to third persons "By *any* transaction which would bind the partnership if dissolution had not taken place, * * *" where the third person "* * * had known of the partnership prior to dissolution, and *having no knowledge or notice of* dissolution, * * *." [Emphasis supplied.]

The partnership here did not inform the FAA of Mr. Steely's death nor of any dissolution of the partnership.

We agree that equitable considerations here weigh heavily in favor of the plaintiff and her attorneys, but we conclude that the law and the facts are against them. The logic of the able district judge as expressed in his memorandum opinion is inescapable when he said:

> Where, as in the Tort Claims Act, a sovereign waives its immunity, and by statute creates a cause of action and consents to be sued upon it, suits filed thereunder must be filed in exact compliance with the terms of consent. This is a condition precedent to suit. Simon v. United States, 244 F.2d 703 (5th Cir. 1957). Provisions of state law which normally have the effect of tolling the statutes of limitation, such as minority, (Simon v. United States, supra), or the pendency of a workman's compensation claim [Mendiola v. United States, 401 F.2d 695 (5th

Cir. 1968)] are not given that effect when the claim is under the Tort Claims Act. This being so, I suggest that the equitable considerations here involved likewise should not extend the statutory period. The "six month period following denial of claim by the administrative agency" provision of 2401(b) of Title 28 is entitled to the same strict construction as other limitation provisions, and is not to be extended by implication. Claremont Aircraft, Inc. v. United States, 420 F. 2d 896 (9th Cir. 1970) and cases there cited.

\*    \*    \*    \*    \*    \*

It is our opinion that the notice of denial by the FAA was effective to start the six months limitation period running and, therefore, plaintiff's claim is barred.

We hold that the judgment of the district court granting the defendant's motion for summary judgment and dismissing plaintiff's case with prejudice was correct and should be affirmed, and it is accordingly

Affirmed.