Mark KNOX, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 94–D–203–N.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 9, 1995.

Mark Knox, pro se.

Redding Pitt, U.S. Atty., David L. Allred, Kenneth E. Vines, Asst. U.S. Attys., Montgomery, AL, for defendant.

## MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is defendant United States of America's motion to dismiss filed November 9, 1994. Defendant contemporaneously filed a brief in support thereof. Plaintiff Mark Knox filed a response on December 12, 1994. After careful consideration of the arguments of the parties, the relevant case law and the record as a whole, the court issues the following opinion.

## I. FACTS

Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671–2680, plaintiff Mark Knox ("plaintiff") filed on December 4, 1992, an administrative claim with the Department of Veterans' Affairs. Plaintiff alleged in this claim that he was unable to use his legs because doctors at the Veterans Administration Medical Center had refused to review his past medical records and had forced him, upon threat of discharge from the facility, to perform rehabilitative exercises with weights.

Plaintiff further claimed that he was no longer able to write with his right hand because the doctors had failed to properly treat his wrist. He also claimed gastro-intestinal problems, which allegedly resulted from motrin and/or tylenol prescribed by the doctors. In that claim, plaintiff sought $500,000 in damages. Def.'s Mot. Dismiss, Ex. A attached thereto. The Department of Veterans Affairs denied plaintiff's claim on June 7, 1993. *Id.*, Ex. B attached thereto.

A return receipt indicates that plaintiff received at his residence on June 8, 1993, a letter denying his claim. *Id.*, Ex. C attached thereto. At the time the claim was denied, plaintiff was informed of the procedural requirements for further pursuing this matter. The notice of final denial contained the following:

> If you are dissatisfied with our decision, you may, prior to the expiration of 6 months from date of mailing of this notice of final denial, file a request with the Department of Veterans Affairs for reconsideration of the claim.... Upon filing such a request for reconsideration, the Department of Veterans Affairs shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate United States district court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such reconsideration (28 C.F.R. 14.9).
>
> In the alternative, ... a tort claim that is administratively denied may be presented

to a United States district court for judicial consideration. Such suit must be initiated within 6 months after date of mailing of this notice of final denial (28 U.S.C. 2401). If you decide to initiate suit against the Department of Veterans Affairs, you are advised that the proper party defendant is the United States of America (28 U.S.C. 1346(b) and 2671[sic], *et seq.*).

*Id.*, Ex. B attached thereto.

Plaintiff took no further action on this matter for more than six months. The affidavit of Douglas Bradshaw, Jr., Acting Assistant General Counsel, Department of Veterans Affairs, states that the records maintained by the Veterans Administration indicate that plaintiff never filed a request for reconsideration. *Id.*, Ex. D attached thereto.

On December 29, 1993, plaintiff filed a complaint[1] in the Montgomery County Circuit Court, naming the Tuskegee Veterans Administration as the defendant. The United States filed a Motion to Dismiss asserting three grounds in support thereof: failure to state a claim upon which relief could be granted, lack of subject matter jurisdiction and insufficient service of process.

In response, plaintiff filed a Motion for Removal to Federal Court, which was granted on February 24, 1994. A Notice of Removal and a complaint were filed on March 1, 1994, in the United States District Court, Middle District of Alabama. On May 19, 1994, the case was dismissed with prejudice because plaintiff failed to pay the required filing fee. *Knox v. Tuskegee Veterans Admin.*, 94–D–247–E (M.D.Ala.1994) (De Ment, J.).

On February 22, 1994, plaintiff filed a separate complaint in the United States District Court, Middle District of Alabama, which is the basis for this action. In this action, plaintiff's complaint sets forth approximately the same set of facts as contained in his claim to the Department of Veterans Affairs; however, in this complaint plaintiff also alleges that he was "medically and mentally abused by the Veterans Administration" and seeks

---

1. The "complaint" was styled as a letter to the Tuskegee Veterans Administration, Director's Office. The letter contained allegations similar to those in the claim filed with the Department of Veterans Affairs, but made no demand for relief.

$10,000,000 in damages. The United States has moved to dismiss this action on the grounds that the complaint fails to state a claim upon which relief can be granted and that the court lacks subject matter jurisdiction. The court will separately address each supporting ground.

## II. FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12(b)(6). To state a cause of action upon which relief may be granted, Rule 8(a) of the *Federal Rules of Civil Procedure* requires " 'a short and plain statement of the claim' that will give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). It is well established that a complaint may be dismissed under Fed.R.Civ.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

### B. Discussion

The court finds that plaintiff has failed to include a sufficient statement of jurisdiction and has failed to state whether he has exhausted his administrative remedies, a requirement for jurisdiction under 28 U.S.C. § 2675(a). Although plaintiff states that a claim has already been filed with the proper agency, he does not give the status of that claim. This court cannot exercise jurisdiction unless plaintiff received a written denial by the agency *or* waited for six months to elapse before instituting suit. *See* 28 U.S.C. § 2675.[2] If in fact the agency has denied his claim, plaintiff only has six months from the date of the mailing of the notice of final denial to file a complaint. Plaintiff's statement of jurisdiction fails to provide this information and, thereby, fails to comply with the requirements of Rule 8 of the *Federal Rules of Civil Procedure.* Accordingly, the court finds that plaintiff's complaint is due to be dismissed.

## III. LACK OF SUBJECT MATTER JURISDICTION

### A. Standard of Review

On a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), the nonmoving party has the burden of showing that it properly invoked the court's jurisdiction. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).[3] When the moving party attacks the complaint on its face, "the court must consider the allegations of the complaint as true." *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

### B. Discussion

Even if the complaint complied with the mandates of Rule 8 of the *Federal Rules of Civil Procedure,* the court lacks subject matter jurisdiction over the action. Absent express statutory consent, the United States is absolutely immune from lawsuits

---

**2.** 28 U.S.C. § 2675 provides in part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writ-

ing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this circuit adopted as precedent the decisions of the former Fifth Circuit.

predicated on tort liability. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, constitutes a waiver of the United States' sovereign (i.e., absolute) immunity for money damages for the negligent or wrongful conduct of its employees. The provisions of the FTCA, which must be strictly construed, delineate specific jurisdictional prerequisites for maintaining an action under 28 U.S.C. § 1346(b).[4] *See generally United States v. Sherwood,* 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). A claimant must comply with all the prerequisites, none of which can be waived. *Lykins v. Pointer, Inc.,* 725 F.2d 645 (11th Cir.1984). *See also Childers v. United States,* 316 F.Supp. 539, 542 (S.D.Tex.1970), *aff'd* 442 F.2d 1299 (5th Cir.1971), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971) (finding that any suit permitted by such a waiver "must be filed in exact compliance with the terms of the consent").

That portion of the FTCA relevant to the instant action is in § 2401(b), which provides: "A tort claim against the United States shall be forever barred ... unless action is begun within six months after the date of mailing, by certified or registered mail, notice of final denial of that claim by the agency to which it was presented."

 Here, the Department of Veterans Affairs denied plaintiff's claim on June 7, 1993. Def.'s Mot.Dismiss, Ex. A attached thereto. Plaintiff then filed his complaint on February 22, 1994, eight months and fifteen days after the claim was denied. In his complaint plaintiff claims that "another claim was filed on December 29, 1993[,] within the six months [sic] time period." Pl.'s Compl. at 1. Plaintiff is presumably referring to an action he filed in Montgomery County Circuit Court against the Tuskegee Veterans Administration. This case was transferred to this court on March 1, 1994, and subsequently dismissed with prejudice for failure to pay the required filing fee.

While *Knox v. Tuskegee Veterans Admin.,* 94–D–247–E (M.D.Ala.1994), has no effect on this case, plaintiff filed the complaint six months and twenty-seven days after the Department of Veterans Affairs made a final denial of the claim. Thus, even if the filing of an action in Montgomery County Circuit Court against the Tuskegee Veterans Administration could have operated so as to toll the running of the six-month statute of limitations, plaintiff was still untimely, and his action is, therefore, barred.

Additionally, the affidavit of Douglas Bradshaw, Jr., Acting Assistant Counsel, Department of Veterans Affairs, shows that plaintiff did not file a request for reconsideration within six months of the date of mailing of final notice of denial of his claim. Accordingly, the court finds that plaintiff has failed to meet any of the deadlines required for recovery under the FTCA.

### CONCLUSION

Accordingly, the court finds that defendant's motion to dismiss is due to be granted.

A judgment in accordance with this memorandum opinion shall be entered separately.

---

4. 28 U.S.C. § 1346(b) authorizes district courts to hear "civil actions on claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."