### McDONALD v. BATOPILAS MINING CO.
### Civ. No. 8714.

District Court, E. D. New York.
June 23, 1948.

Morton Singer, of New York City (P. Bateman Ennis, of Washington, D. C., of counsel), for plaintiff.

Raphael P. Koenig, of New York City (Philip R. Leeds, of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

This is an application by the plaintiff under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for summary judgment and, if summary judgment cannot be granted, in the alternative, that partial summary judgment be granted.

The action was instituted by the plaintiff, an attorney at law admitted to practice in the District of Columbia, to recover for professional services rendered on behalf of the defendant under a written contract of retainer dated November 2, 1935, to present and prosecute before the Mexican Claims Commission claims of the defendant approximating $1,000,000 against the Mexican Government for the expropriation of and damages to defendant's mining property located in Mexico. The contract of retainer provided for payment to plaintiff of 20 per cent of the amount actually collected by compromise, litigation, or negotiation. Defendant has been awarded the sum of $53,-643.87, but it is disputed that $12,277.91 of this award was obtained through the efforts of the plaintiff.

The papers before me indicate clearly that the plaintiff was responsible for having brought about an award to the defendant of $41,365.96, of which award the defendant has collected $20,631.27 and the balance is due and owing to the defendant. There was a further award in addition to the amount just set forth of $12,277.91 which the defendant claims was procured solely through another attorney.

The defendant's answer sets up four defenses which may be summarized briefly as follows:

In the first partial defense, it does not deny that $41,365.96 was awarded through the efforts of the plaintiff.

In the second partial defense, it admits that by virtue of the written retainer the defendant was to be paid 20 per cent of the amount actually collected, but that Sec-

tion 5(c) of Public Law 814, 77th Congress, 22 U.S.C.A. § 664, limited plaintiff to a fee of 10 per cent unless it was otherwise fixed by the American Claims Commission.

The third defense alleges that the defendant was never apprised by the plaintiff of Section 8, Public, No. 30, 74th Congress (S. 1068), 49 Stat. 149, 150, whereby it could have requested the now defunct Special Mexican Claims Commission to determine and apportion plaintiff's fee, alleging that had it known that this law existed it would have asked the Commission to fix the plaintiff's fee before it went out of existence.

The fourth defense is practically the same as the third defense.

None of these defenses, as it can be seen, is complete in its nature. I am not prepared to rule on this motion as to whether or not the plaintiff is limited to a fee of 10 per cent or the 20 per cent in his written retainer. That is a matter, I think, for the trial court to pass upon. I see no reason, nor does the defendant offer any defense which would create an issue as to why the plaintiff should not be paid 10 per cent of $41,365.96 immediately.

I, therefore, award partial summary judgment in the amount of $4,136.60, reserving all other questions of this lawsuit for the trial court to pass upon and determine.

An order may be entered upon this motion to that effect and a judgment entered thereon.