**HARGER et al. v. CASON.**

No. 2863.

Court of Civil Appeals of Texas. Waco.

Sept. 29, 1949.

J. O. Hughes, Fort Worth, Earnest R. Hawkins, Fort Worth, for appellants.

Roy Anderson, Cleburne, for appellee.

HALE, Justice.

This suit involves the use of an alleged public road. Appellee is the owner of 78½ acres of land situated in Johnson county and appellants are the separate owners of two tracts contiguous thereto, one tract consisting of 50 acres and the other of 160 acres. Each of the three tracts is inclosed within a fence and the alleged public road extends across each tract through gates in each fence from what is known as the Joshua-Burleson Sand road to State Highway No. 174.

Appellee instituted the suit against appellants, alleging in substance that the latter had wrongfully closed the gates in their fence lines and were thereby attempting to prevent him from the further use of the strip of ground in controversy as a means of ingress and egress to and from his premises. He predicated his asserted right to a continuing use thereof upon three separate grounds, viz.: (1) that appellants' predecessors in title had dedicated the strip of land in controversy as a public road more than fifty years prior to the institution of the suit, that such dedication was accepted by the public use thereof as a roadway, and that such use had been open, continuous and adverse for more than fifty years before the commission of the wrongful acts of which complaint was made; (2)

that he and his predecessors in title had acquired a right of easement by prescription to the use of the strip of land in controversy as a roadway; and (3) that he and his predecessors had acquired an easement of necessity over the lands of appellants as a means of ingress and egress to and from his land.

Appellants answered with certain special exceptions, a general denial and a plea based on the ten years statute of limitations. They further alleged in substance that they and their predecessors in title had kept their separate tracts of land fenced continuously at all times referred to in the petition of appellee, that any use of such lands as a roadway by appellee and others was only by permission and consent of the owners thereof and that neither appellee nor his predecessors in title had ever acquired any easement across their lands by dedication, prescription or necessity.

The case was tried before a jury. Upon the conclusion of the evidence appellants duly presented their motion for a peremptory instruction in their favor. This motion was overruled and twelve special issues were submitted to the jury for their determination. In response to the issues so submitted the jury found in favor of appellee on each of the three grounds relative to dedication, prescription and necessity, respectively. Thereupon the court below rendered judgment for appellee and hence this appeal.

■ The first point in the brief of appellants is as follows: "The trial court should have sustained the defendants' special exceptions to paragraph 2 of plaintiff's second amended petition." We cannot sustain this point for several reasons. Appellants have wholly failed to include in the brief of the argument submitted under this point any reference to any page in the record where the facts pertinent thereto may be found, as required by Rule 418, Texas Rules Civil Procedure. See Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, pts. 8–10; May v. Consolidated Underwriters, Tex.Civ.App., 170 S.W.2d 295, pt. 3, er. ref. w. m. However, we have examined the entire record and find no affirmative show- ing therein that any exception to any plead-

ing of the parties was presented to or acted upon by the trial court, as required by Rule 90. T.R.C.P. Hence, for the purposes of this appeal, we must presume that any defect, omission or fault in the pleadings of appellee was waived by appellants. Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212, pts. 8 and 9, er. ref. w. m.; Butler v. Continental Oil Co., Tex.Civ.App., 182 S.W.2d 843, pt. 8. Furthermore, even though each of the three so-called special exceptions embraced in the answer of appellants to paragraph 2 of appellee's second amended petition had been duly presented to the trial court and overruled, we do not think such action would have constituted reversible error. Without here setting forth the allegations complained of and the exceptions leveled against the same, it must suffice to say that in our opinion the exceptions were in essence nothing more than general demurrers and were without merit, regardless of the provisions contained in Rules 90 and 91. T.R.C.P. Therefore, appellants' first point must be overruled.

■ The second point in the brief of appellants is as follows: "The Court erred in sustaining plaintiff's exception to paragraphs Nos. 5 and 6 of defendants' affirmative answer." No effort whatsoever was made by appellants to brief this point and no reference is made in their brief to such point except the naked statement thereof as above set forth. Under such circumstances a consideration of the point is not required of this court. Doherty v. San Augustine Independent School Dist., Tex. Civ.App., 178 S.W.2d 866, pt. 7, er. ref. and authorities. However, we have examined the record in the light of this point and find no basis upon which it could be sustained even though it had been briefed.

The third point in appellants' brief is: "The Court erred in overruling defendants' motion for an instructed verdict at the close of the testimony." By the fourth, fifth and sixth points appellants say in effect that the judgment appealed from is not supported by evidence or findings of the jury relative to the pleaded issues of dedication, prescription or necessity. Although appellants have failed to include in the brief of the argument presenting these

several points proper reference to the pages in the record where the facts pertinent thereto may be found, we have examined the entire record and as a result of such examination we have concluded that it does not disclose any reversible error.

■ In response to the Special Issues submitted, the jury found in substance, among other things, that appellants' predecessors in title had dedicated the strip of ground in controversy to public use as a road more than 50 years prior to the time when this controversy arose, and such dedication was accepted by the public use thereof as a roadway; that appellee, his predecessors in title and the public generally had used such strip of ground as a public road continuously and adversely to the owners thereof for more than 10 years prior to the time when the controversy arose; and that such strip of ground was necessary to appellee and had been continuously necessary to him and his predecessors in title for more than 50 years in the convenient and comfortable enjoyment of the 78½ acre tract now owned by appellee. It is thus apparent that the trial court submitted to the jury each of the three separate grounds upon which appellee based his right of recovery. If the evidence was sufficient to raise either of these issues, then appellants were not entitled to an instructed verdict:

The Statement of Facts in this case consists of 403 pages, including various written exhibits and the verbal testimony of 20 witnesses. It is replete with testimony tending to show that the public generally, including appellee and his predecessors in title, had been using the strip of ground now in controversy as a roadway for more than 50 years before the institution of this suit, and that such use had been open, continuous and adverse to the owners thereof. We think such testimony was sufficient to carry the general issue of dedication to the jury in this case even though there was no direct evidence of any overt act or specific declaration on the part of the ancient owners indicating an intention on their part to dedicate the strip of ground now in controversy to public use as a roadway. In our opinion such intent could properly be inferred from the circumstances in evidence. 14 Tex.Jur. p. 707, Sec. 18 and authorities; Money v. Aiken et al., Tex.Civ. App. 256 S.W. 641; Brown et ux. v. Kelley et al., Tex.Civ.App., 212 S.W.2d 834. But regardless of the general issue of dedication, the long continued use of the roadway under the circumstances shown by the evidence favorable to the contention of appellee was undoubtedly ample to raise the broad issue of an easement by prescription. Foster et al. v. Patton, Tex.Civ.App., 104 S.W.2d 944 er. dis. and authorities there cited.

■ This case was tried in the court below during September of 1948. The transcript and statement of facts were filed in this court on April 5, 1949. Appellants filed their brief in this court on May 5th and appellee filed his brief on May 30th. The cause was regularly set for submission on the briefs and oral arguments thereon for June 23, 1949. On that day appellants filed their motion here to extend the time for submission and to perfect the record by bringing up the objections and exceptions alleged to have been made by them on the trial of the cause to the court's charge. This motion was submitted with the main case. It appears from the motion and an affidavit attached thereto that before the trial court's charge had been submitted to the jury, counsel for appellants dictated to the court reporter certain objections and exceptions to the charge, but such objections and exceptions were not reduced to writing or filed and consequently they do not appear in the transcript. It further appears from the affidavit of the court reporter that he has made a careful search in an effort to find his notes evidencing such exceptions and objections but he has been unable to find them. The motion does not indicate the nature or substance of such exceptions and objections or any feasible method by which they can be reproduced as dictated so as to become a part of the record in this cause. We see no useful purpose that could be served by granting the motion and accordingly it must be denied.

Finding no reversible error in the record, all of appellants' points are overruled and the judgment of the trial court is affirmed.