Joseph M. JONES, Administrator, Appellant,

v.

Eula A. PEARCE, Executrix, Appellee.

No. 10305.

Court of Civil Appeals of Texas.

Austin.

March 30, 1955.

Rehearing Denied April 20, 1955.

Kacir, Lesikar & Kacir, Temple, for appellant.

Saulsbury, Skelton, Everton, Bowmer & Courtney, Temple, for appellee.

ARCHER, Chief Justice.

This suit was instituted by Eula A. Pearce, a widow, as independent executrix of the Estate of Winbourn Pearce, deceased, against Joseph M. Jones, as administrator of the estate of Giles Carter, deceased (since institution of the litigation Joseph M. Jones died and Ivan H. Jones qualified in his stead), for attorney's fees alleged to be due Winbourn Pearce for services alleged to have been rendered by him for the estate of Giles Carter, deceased, before the General Claims Commission and the American-Mexican Claims Commission against the Mexican Government. Plaintiff alleged that Mary D. Nichols, a widow, Clara Jones Smith, a widow, Mary D. Hudson, a widow, G. H. Wayland, Mrs. Laura Ann Carpenter, a feme sole, Leona Slater and husband, J. H. Slater, Mrs. Ella Haggard, a widow, Addie Garner and husband S. J. Garner, Della Moore and husband, Kay Moore, Alberta Hargrave and husband, J. S. Hargrave, and others (without naming them) as heirs of Giles Carter, deceased, employed Winbourn Pearce to collect $97,-000 from the Mexican Government as damages done to Giles Carter's livestock in Bee County, Texas, between the years 1866 and 1872, on a contract basis of not less than one third of the amount of the recovery, in the sum of $6,556.67, being one third of $19,670, and in the alternative, in the event the court found that the estate of Giles Carter, deceased, is not liable, the parties who signed powers of attorney in favor of Winbourn Pearce on a contract basis of

not less than one third of the amount of the recovery, or on contingent fee basis, or on quantum meruit basis, but only of the amount each one of the parties signing the contract of power of attorney would recover out of said award to be made in favor of Giles Carter.

The defendant Jones as administrator answered denying the execution of a power of attorney, pleading misjoinder, excepted to the one third contingent fee as being in violation of Article 664, Chapter 12, Title 22 United States Code Annotated, pleaded the four year statute of limitations, Vernon's Ann.Civ.St. art. 5529, and that Carter himself proved his case.

Trial was had before the court without a jury, and defendant's exceptions were overruled and judgment was rendered against the estate of Giles Carter, deceased, and Mrs. Mary Hudson, Mrs. Addie Garner, S. J. Garner, Mrs. Alberta Hargrave and J. S. Hargrave jointly and severally in favor of plaintiff for $3,278.33, with interest, etc., and from such action the estate of Giles Carter only has appealed.

The appeal is before this Court on seven points assigned as error and are as follows:

"Point Number One:

"The Trial Court erred in not sustaining Defendant Joseph M. Jones, Administrator of the Estate of Giles Carter, Deceased, exception to Plaintiff's cause of action, Paragraph Number Two, Page 13, of the Transcript, because neither the Estate of Giles Carter, Deceased, nor any one for the estate or for all of the heirs, employed Winbourn Pearce to represent the estate of Giles Carter, Deceased, either before the General Claims Commission or the American Claims Commission. No administration was then pending on the Estate of Giles Carter, Deceased.

"Point Number Two:

"The Trial Court erred in overruling Appellant's exception Number 2, Paragraph Number 3, Page 14, of the Transcript, because the rules and regulations of the American-Mexican Claims provide that no more than ten per cent (10%) can be charged by an attorney for the preparation and presentation of any claim.

"Point Number Three:

"The Trial Court erred in not sustaining Appellant's plea of four year statutes of limitations to plaintiff's cause of action, Paragraph Number Four, Page 15, Transcript, because more than four years elapsed between the time of filing the claim with the administrator of Giles Carter, Deceased, and date of death of Winbourn Pearce.

"Point Number Four:

"The Trial Court erred in permitting testimony to be introduced as to transactions between Winbourn Pearce and the supposed Estate of Giles Carter, Deceased.

"Point Number Five:

"The Trial Court erred in not holding that the contract, if any, or services, if any rendered by Winbourn Pearce, to the Estate of Giles Carter, Deceased, was not barred by statutes of limitations wherein plaintiffs filed on Quantum Meruit basis on September 1, 1954, and the original petition was filed in 1947.

"Point Number Six:

"The Trial Court erred in ruling that the services of Winbourn Pearce were of value to the recovery of the Giles Carter claims through the American-Mexican Claims Commission because the claim was allowed on evidence in the file before Winbourn Pearce was employed by ten of the heirs of Giles Carter, Deceased. The Test Case or the King Cattle Case was the determining fact and such test case was before the General Claims Commission before Winbourn Pearce was employed.

"Point Number Seven:

"Challenge of Findings of Facts and Conclusions of Law."

It appears that Giles Carter lost 9700 head of cattle as a result of raids by Mexican citizens during the years 1866 and 1873.

There were 453 similar cases, and in 1872 an American Commission known as the Robb Commission was formed and Car-

ter filed his petition and evidence which was approved. The Mexican Government denied liability.

In 1923 the General Claims Commission was established by Mexico and the United States to settle all claims between the two Nations, including the Texas Cattle Claims, but no agreement was reached. In 1947 the Giles Carter claim was allowed in the sum of $19,670.

Giles Carter having died intestate, a widower, without issue on September 6, 1893, and no administration was had on his estate until 1947, and left as his sole heir one sister, Laura Carter, who married Keeton M. Jones, and had twelve children, and it is through these that the present heirs claim.

In the latter part of 1927 certain of the Carter heirs, if not all, employed Winbourn Pearce, an attorney of Temple, Texas, to represent the estate in presenting the Carter claim, on a contingent fee basis of one third of the recovery. Mr. Pearce represented the estate until his death in 1941 and it appears that his duties had been substantially completed at the time of his death and that he had not been paid anything. Subsequent to Mr. Pearce's death no other attorney represented the estate until the award to the estate.

Mrs. Pearce qualified as executrix of Mr. Pearce's estate and presented a claim to the administrator of the Giles Carter estate which was not allowed. Such claim was presented on both a contract basis as well as quantum meruit basis.

On the trial many documents were introduced in evidence, and stipulation had as to the use of any portion of the reports of the American-Mexican Claims Commission, and certain parts were used such as letters and directives from the Claims Commission in Washington to Winbourn Pearce, the last of which was dated January 30, 1947. There were introduced a number of letters and communications from Winbourn Pearce to the several agencies and the Department of State extending over a period of years and ending with his death.

On December 10, 1927, Senator Sheppard wrote Colonel Bowie, of the Claims Commission, and enclosed a letter from Honorable Winbourn Pearce, in which letter Mr. Pearce wanted to be advised of the then present status of the Giles Carter claim. In reply to this letter Colonel Bowie replied that if Mr. Pearce was to represent the claimants, he should furnish a power of attorney.

Early in 1928 Mr. Pearce secured the powers of attorney and each was substantially as follows:

"District of Columbia ⎱
City of Washington ⎰

"Know All Men By These Presents, That I, Mrs. Mary Nichols, of the District of Columbia and City of Washington, have made, constituted and appointed, and by these presents do make, constitute and appoint Hon. Winbourn Pearce of Bell County, Texas, my true and lawful attorney, for me and in my name, place and stead to act for me in the matter of my claim as an heir of the Giles Carter estate claim; said claim now pending before the General Claims Commission, United States and Mexico, giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in the premises, as fully, to all intents and purposes, as I might or could do hereby ratifying and confirming whatsoever my said attorney may do by virtue hereof in the premises.

"In witness whereof I have hereto set my hand this 9th day of March, 1928.

"(Signed).

"Usual acknowledgment —                "

Similar documents were executed by "(2) Mrs. Clara Jones Smith (3) Mrs. J. D. Hudson and G. H. Wayland (4) Mrs. Laura Ann Carpenter (5) Mrs. Leona Slater (6) Mrs. Ella Haggard and S. L. Baggett (7) B. F. Jones and (8) John C. Jones, Mrs. Alberta Hargrave and J. S. Hargrave—all containing usual acknowledgments." In May, 1928 Colonel Bowie notified Mr. Pearce, giving a list of names that might

have an interest in the claim, and requested proof of citizenship, number and value of the livestock stolen, and that they were stolen by marauders from Mexico in the form of affidavits.

On June 19, 1928, Mr. Pearce filed two affidavits and gave other information in a letter to the Special Claims Commission, with reference to the Carter claim. Letters and other communications were written by Mr. Pearce from time to time until his death and from time to time the Commission advised Mr. Pearce of developments.

The court filed extensive findings of fact and conclusions of law, in which the court found that Carter lost a number of cattle, recited the creation of the Robb Commission and that Carter filed a claim with such Commission in 1873 in San Antonio, and that Carter died in 1893, and of the appointment of an administrator in 1947.

Further findings were that the United States and Mexico entered into an agreement in 1923 with respect to the settlement of the Carter claim and recited the changes in the name of the Commission succeeding each other and that the claim was finally approved in the sum of $19,670.

In a letter from the Commission addressed to Mr. Pearce which reads in part:

"Jan. 30, 1947—Winborn Pearce, Esq., Temple, Texas—Re: Giles Carter—Agency 3452 G Ckt. 1584—Sir:

"There is transmitted herewith a copy of the Commission's decision made pursuant to the Settlement of Mexican Claims Act of 1942 with respect to the petition for review which has been filed in the above-identified claim.

" * * * You will be duly informed when such decision is certified."

The court further set out that in 1928 certain heirs of Carter, naming them, representing and acting for and on behalf of Giles Carter, deceased, and for and on behalf of all of his heirs including but not limited to themselves, employed Winbourn Pearce, a duly licensed and practicing attorney of Bell County, Texas, to represent them and the estate of Giles Carter, deceased, and all of the heirs of Giles Carter, as their attorney and the attorney of such estate in the prosecution of the claim of Giles Carter before the appropriate bodies and Commissions of the United States and Mexico then considering or thereafter to consider the same, and agreed to pay Pearce one third of any amount recovered, and that such fee was reasonable and necessary and had it not been for the services of Pearce no recovery would have been had.

The following letter was written to Pearce:

"In reply refer to
Le 412.11 Carter, Giles, Estate/11
                              "September 6, 1939
"My dear Mr. Pearce:

"The Department has received your postcard of August 29, 1939, in which you make inquiry concerning the present status of the claim against Mexico of Giles Carter or Estate, Docket No. 1584.

"In reply you are advised that the claim in question was fully pleaded and submitted for adjudication by the General Claims Commissioners designated by this Government and the Government of Mexico pursuant to the General Claims Protocol of April 24, 1934, but that the two commissioners failed to reach an agreement with respect to the disposition of the case, as a consequence of which fact it still remains in an unadjudicated status. There is enclosed for your information in that connection a mimeographed copy of a statement which contains all available information concerning the present status of the general claims against the Government of Mexico.
                    "Sincerely yours,
                    For the Secretary of State:
                    Green H. Hackworth,
                    Legal Adviser"

The court found that Pearce was recognized by the Claims Commission and all its successors as attorney for the Giles Carter estate, and that such representations were active and performed in a skilled and ex-

pert manner, and were beneficial to the estate and resulted in the allowance of the claim. That in representing the estate and heirs, Pearce had reason to believe and did believe that he was representing all of the heirs and he had been permitted to prosecute the claims for more than thirteen years without any of the heirs denying such representation and such was done with the approval of all of the heirs.

The court found that one third of the recovery of $19,670 was reasonable and customary. That Mr. Pearce's services were substantially performed at the time of his death and had a reasonable value of $3,278.-33, or one half of one third of the attorney's fee, and had a reasonable value, on the basis of quantum meruit, of $3,278.33 to the estate of Giles Carter, and all of the heirs, and that the payment became due on the date the award was paid on or about January 30, 1947, and that such fees should be allowed and paid.

That the executrix of the estate of Winbourn Pearce presented a claim to the administrator of the estate of Giles Carter on September 27, 1947, which was disallowed on September 29, 1947, and that suit was filed within ninety days from the date of rejection of such claim.

The court found that none of the defendants except the administrator answered or were present in court, and that citation had been duly served.

The court concluded as a matter of law that plaintiff was entitled to recover judgment in the sum of $3,278.33.

The defendant requested certain changes in the fact findings, and for additional fact findings.

The court made additional findings that the petition was presented to the Robb Commission in 1873 by Carter and purported to be signed by Malone & Hynes, attorneys, but that Malone & Hynes did not represent Giles Carter or his estate or any of his heirs in Carter's claim before any Commission or agency considering such claim. The court found that the law firm

of Cox, Brown & Daniel did not represent the Carter estate or any of the heirs of Carter in the claim.

The court found that letters were sent a number of persons from the American-Mexican Claims Commission.

That no additional evidence of any material value to the estate was presented to the Commission after the death of Mr. Pearce.

That the court took into consideration the fact of the receipt of the several letters to the defendants and all facts relative to such matters in fixing the plaintiff's judgment one sixth of the total amount of the award rather than one third of such amount.

The court found that he had considered the several powers of attorney as well as all evidence bearing on the representation by Mr. Pearce of the estate of Giles Carter, etc.

Several of the individuals gave notice of appeal but did not perfect such appeal and only the administrator is appealing.

Point Number One complains of the action of the court overruling the special exception to plaintiff's cause of action because Pearce was not employed by the Carter Estate, nor any one for the estate or for all of the heirs to represent them before the Commission, and Point Number Four is directed to the admission of certain evidence, and are both aimed at the same contention.

We believe that the court, under all of the evidence, was justified in finding that Mr. Pearce had been employed to and in all events did represent the Giles Carter estate and all of the heirs and that the estate was indebted to him on a quantum meruit basis. The pleadings were sufficient on their face and not subject to an exception.

The proof was sufficient to authorize the court to hold that Mr. Pearce had been employed by certain of the heirs under powers of attorney and other of the heirs stated that he represented all of the heirs. The Commissions succeeding each other dealt

with the attorney as such, and it is undisputed that Mr. Pearce's services were beneficial to the estate and were performed with the full knowledge and consent of all interested parties and no one of the interested parties questioned the representation.

As we have previously stated the testimony offered was long and much received without objection. The appellant did not offer any witnesses but did offer some documentary evidence.

■ The employment of Mr. Pearce and the performance of services as an attorney were fact questions determined in favor of plaintiff by the court and his action is supported by the record, and the estate and the heirs having accepted the benefit of the services are bound for reasonable value of such services. Colbert v. Dallas Joint Stock Land Bank, 136 Tex. 268, 150 S.W.2d 771; 10 Tex.Jur. p. 411; Rogers-Hill & Co. v. San Antonio Hotel Co., Tex.Com. App., 23 S.W.2d 329; Goodwin v. Southtex Land Sales, Inc., Tex.Civ.App., 243 S.W.2d 721, error ref., n.r.e.

■ The defendant, by way of exception, pleaded that Section 664, Chapter 12, Title 22 U.S.C.A., prohibited attorney's fees in excess of ten per cent, and unless made a part of the award. The trial court overruled this exception and we believe correctly so.

The language of the statute is not mandatory but permissive and does not prohibit parties from contracting as they see fit, but if the parties request the Commission to fix a fee, they are then bound to observe such fee as the Commission fixes.

McDonald v. Batopilas Mining Co., D.C. N.Y.1948, 8 F.R.D. 226.

■ We do not believe that the four year statute of limitation is applicable in this case since the cause of action did not accrue to plaintiff until January 30, 1947,

and suit was brought within two years of such date. The plaintiff had, on September 27, 1947, presented her claim, which was rejected by the administrator on September 29, 1947, and suit was filed on October 8, 1947, and an amended petition was filed January 8, 1948.

The evidence is that witness Nettles testified, without objection that Pearce told him that he had been employed by the Carter Estate on a one third contingent fee basis. Mrs. Pearce testified that one of the defendants informed her that Mr. Pearce's fee was to be paid out of any recovery. An experienced attorney testified that a contingent fee basis was usual and the customary manner of charging fees in cases of that nature and payable when recovery was had, and that on a quantum meruit basis such fee would not become payable until recovery was had. 37 C.J. pp. 811–813; 54 C.J.S., Limitations of Actions, §§ 110, 125; Leake v. Cleburne, Tex.Civ.App., 36 S.W. 97, no writ history; Wright v. McCampbell, 75 Tex. 644, 13 S.W. 293.

We believe the record supports the court's finding that the services of Mr. Pearce were of value to the estate. In former parts of this opinion we have referred and quoted from the evidence reflecting the activities of the attorney and no useful purpose could be had by a repetition here.

We believe that the evidence and the record as a whole support each finding of fact made by the court, and overrule the appellant's sixth point challenging the various findings of fact made by the trial court.

Here again we refer to our former discussions of the record and do not repeat them.

The judgment of the trial court is affirmed.

Affirmed.