**Vicente GARZA, Appellant,**

v.

**Santiago T. GARZA, Appellee.**

**No. 11122.**

Court of Civil Appeals of Texas.
Austin.
Oct. 23, 1963.

Ed Idar, Jr., San Angelo, for appellant.

O'Neal Dendy, San Angelo, for appellee.

HUGHES, Justice.

Santiago T. Garza sued his brother, Vicente Garza, to foreclose a vendor's lien on a city lot in San Angelo, Tom Green County. The lien was originally given to secure a note in the sum of $4,490.00. The amount alleged to be due on the note at the time of trial was $1,000.00 plus interest and attorneys fees. Vicente Garza alleged that he had paid the note in full.

Trial to the Court resulted in judgment for the plaintiff as pleaded.

The property involved was a filling station which was operated by appellee. He testified that he agreed to sell the filling station and its equipment, not including merchandise, to his brother for $5,500.00, $1,000.00 of which was to be paid in cash.

The two brothers went to an attorney's office to close the trade. The attorney was informed that the trade was as stated and he drew the deed to the realty reciting the consideration to be "four thousand and five hundred ($4,500.00) Dollars, to us paid, and secured to be paid, by Vicente Garza as follows: Ten Dollars in cash, receipt of which is acknowledged, and one Vendor's Lien note in the principal sum of four thousand four hundred and ninety ($4,490.00) dated August 5, 1954 * * *", the date of the deed. A cancelled check, of the same date from appellant to appellee for $1,000.00 was introduced in evidence.

The attorney who drew the papers testified:

"They [the brothers] discussed with me the transaction they were making, and I put down for my information, in order to draw the note and the deed, these figures: the figure of $5,500; then the figure of $1,000 here, which they told me was cash paid on it. That left for me to draw a note for $4,500; and then the deed having recited—it seems that I drew the deed before I did the note —the deed having recited $10.00 cash, in order to make it all come out exactly correct, I made the note for $4,490, so that the note and the deed would fit; and this $1,000 was paid cash, and that left the sum of $4,500 to be paid, and that is what I put in the note and the deed, because the $1,000 was already eliminated."

Appellant testified that he agreed to pay $4,500.00 only for the filling station.

■ The Trial Court resolved all fact issues against appellant, and we overrule his assignment that such findings are against the weight of the evidence.

■ During the trial appellee offered in evidence a portion of his 1955 federal income tax return showing that he had reported the sale price of the filling station as $5,500.00. This was admitted in evidence over appellant's objection that the return was not a certified copy and that it was not

the best evidence. Appellee testified that it was a "correct copy."

Appellant does not brief the point relating to the admission of this evidence except to say that it was self serving and not admissible. No objection was made that it was self serving, and we cannot consider this ground in our ruling.

The evidence admitted was cumulative of the oral testimony of appellee and, if there was error in its admission, we are of the opinion that it is harmless error. Rule 434 T.R.C.P.

Similarly appellant briefs a point relating to the admission in evidence of a notation made by the attorney who drew the deed and note, made by the attorney at such time, reading, "5,500.00; $4,500.00; 10.00; $1,000.00; $4,500.00; all 0–$40.00 a mo; Maria Garza; Vicente." The objection made to this memorandum was:

"We object to the introduction of that in evidence. There is no proof here other than the Defendant's word here that these were actually made at the time they alleged they were made. There is no explanation of what these figures indicate on the paper that is sought to be introduced, what they stand for; there is no description of the property involved or the different items in question, or whether this was to be incorporated in one written instrument, or whether, whatever is supposed to be represented by this was more than one agreement, and whether one of those could have been in oral agreement or not."

The memorandum was fully explained by the testimony, and, in our opinion, the objection made was properly overruled.

Appellant's remaining points question the admissibility of evidence to vary the consideration stated in the deed. The recited consideration, as distinguished from the contractual consideration, stated in the deed was "Ten Dollars in Cash." The rule is, as stated in Sec. 1613, p. 458, Texas Law of Evidence, McCormick and Ray, 2d Ed., that, "It is doubtless true, as explained above, that a recital as to past consideration received, like any other recital in a written instrument, is a mere statement of fact and subject to dispute or contradiction. It may be shown that the money or property mentioned was not actually received, or that other or additional money or property was in fact received. * * * This is true where the instrument expresses promises given as consideration in addition to the recital of executed transactions, as well as where it recites only the latter; no distinction should be made on this ground."

The transaction between the parties involved both real and personal property. The Contract as to the personal property was verbal only; the Contract relating to the realty is evidenced by the deed, note and check. We do not understand the parol evidence rule to exclude the admission of extrinsic evidence of a prior or contemporaneous but collateral agreement which although related to the written instrument does not contradict it and whose subject matter is one with which the parties might naturally deal separately. 32 C.J.S. Evidence, § 997, pp. 970, 971, Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30.

The evidence reflects a single transaction in the sale of the filling station and its equipment for $5,500.00. This evidence does not, in our opinion unlawfully vary or contradict the terms of the deed and note. The deed, the note, and the $1000.00 check all coincide to establish the truth of the agreed sale price of the station and its equipment as found by the Trial Court.

The judgment of the Trial Court is affirmed.

Affirmed.