Robert L. SMITH et ux., Appellants,

v.

PULLIAM, INC., Appellee.

No. 16612.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 19, 1965.

Rehearing Denied March 26, 1965.

**330**

H. J. Loe, Fort Worth, for appellants.

Leo Ferris, Fort Worth, for appellee.

LANGDON, Justice.

This is a suit for partial performance on a contract dated January 5, 1963, alleged to be partly written and partly oral, for the construction of a family blast shelter in compliance with a Department of Defense bulletin for the agreed sum of $2,875.00 and alternatively on quantum meruit.

The allegations of the appellee as to the oral portion of the contract were essentially as follows: when appellee was requested to bid on the shelter the appellants advised that they did not have sufficient funds to pay for the work and it would be necessary for them to obtain a loan for that purpose. On the promise of the appellants that a loan commitment would be obtained the appellee was induced to enter into the written agreement to construct. By mutual agreement commencement of the work was delayed for a period of six months during which time appellants sought such a loan. When advised that the Hughes Investment

Company had given appellants a loan commitment the appellee commenced work on the project in July, 1963. When the work was almost completed the commitment was withdrawn. The appellee then terminated its work on the shelter and requested appellants to obtain another commitment or else place money in escrow to assure payment. The appellants refused to comply and appellee having no assurance that payment could or would be made on completion of the project did not continue the work to completion and instituted suit.

Trial was to the court without a jury and appellee was awarded judgment in the total sum of $2,725.00 with interest at 6% from July 8, 1964, the date judgment was rendered and its costs.

The appellants by three points contend the court erred in (1) permitting oral testimony to vary the terms of an unambiguous written contract, (2) in overruling their special exceptions to the appellee's first amended original petition, and (3) in refusing to render judgment for appellants since appellee did not prove performance and had no pleadings or proof for recovery under quantum meruit. We affirm.

"The rule is well established that testimony which merely shows matter of inducement leading to the execution of a contract or which explains the circumstances under which it is executed is admissible and in no sense violates the parol evidence rule. It is well settled that the parol evidence rule does not apply to collateral undertakings or agreements *that are not contrary to the written contract.* Huddleston v. Wheeler Lumber, Bridge & Supply Co., Inc., Tex.Civ.App., 75 S.W.2d 715." Continental Insur. Co. v. Stewart & Stevenson Serv., 306 S.W.2d 415 (Houston Civ. App., 1957, Ref., n. r. e.), and 23 Tex.Jur. 2d 532, § 358, 13 Tex.Jur.2d 676, § 397. Where a contract is partly in writing and partly oral the oral part may be proved by parol evidence. Pruett v. First Nat. Bank of Temple, 175 S.W.2d 658 (Austin Civ.App., 1943, no writ hist.).

In Glaser v. Henderson, 2 S.W.2d 987, p. 989 (Austin Civ.App., 1928, no writ hist.), the court in considering a similar point based on objection to parol testimony held that proof by parol evidence of true consideration was admissible, " * * * under the well-settled rule that a verbal contract not inconsistent with a writing may constitute an integral part or the whole consideration for the execution and delivery of the written instrument itself, and that the parol evidence rule has no application to such verbal contract." (Authorities cited.)

■ In the case under consideration the oral contract pertaining to the loan commitment constituted an integral part of the consideration for the execution of the written contract since appellants stated they did not have the cash and could not pay for the shelter without a loan. Thus the rule in Glaser v. Henderson, supra, is applicable.

■ In our examination of the entire record we find no affirmative showing that any exception to the appellee's pleadings was ever presented to or acted upon by the trial court as required by Rule 90, Texas Rules of Civil Procedure. We must therefore assume that any defect, omission or fault in the pleadings of the appellee was waived by appellants. Even though each of appellants exceptions to the pleadings contained in the first amended original petition of the appellee had been duly presented to the trial court and overruled such action would not in our opinion have constituted reversible error. Harger v. Cason, 223 S. W.2d 244 (Waco Civ.App., 1949, no writ hist.), and authorities cited.

■ "The right to recover in quantum meruit for partial performance of a contract is independent of the force of the agreement itself. The right rests instead on an implied contract by the other party to pay for the benefits he has received, on the theory that it would be inequitable for him to refuse to pay for such benefits. Consequently, it is not essential for the party seeking to recover on quantum meruit to show facts justifying his failure to have performed the contract in full. Nevertheless, he must still show that the part performed by him was of benefit to the other party, or that it was accepted by the other." 13 Tex.Jur.2d 553, § 304; 10 Tex.Jur.2d 46, § 44.

■ "Quantum meruit is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received or for work performed for him with his knowledge and consent by someone who is authorized to expect remuneration therefor." Parks v. Kelley, 147 S.W.2d 821 (Amarillo Civ.App., 1941, no writ hist.); Kramer v. Wilson, 226 S.W.2d 675 (Fort Worth Civ.App., 1950, ref., n. r. e.). Parties who accept the benefit of services rendered are bound for the reasonable value thereof. Jones v. Pearce, 277 S.W.2d 934 (Austin Civ.App., 1955, ref., n. r. e.).

All fact questions were resolved by the court in favor of the appellee and such action finds ample support in the record.

All points of error are overruled and the judgment of the trial court affirmed.