Harry Lee CARTER, Appellant,

v.

J. W. LONG et al., Appellees.

No. 7979.

Court of Civil Appeals of Texas,
Texarkana.

April 21, 1970.

Rehearing Denied June 9, 1970.

Hume Cofer, ·Cofer & Cofer, Austin, James A. Knox, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellant.

James E. Bock, Zachry & Bock, Waco, Marvin Levin, Dallas, for appellees.

FANNING, Justice.

This cause, No. 7979, and cause No. 7987, are separate appeals from the same judgment. The main opinion will be written in this cause, No. 7979, and a brief opinion will be written in cause No. 7987, Tex.Civ.App., 455 S.W.2d 818.

Appellant in this cause, No. 7979, Harry Lee Carter, sued J. W. Long and C. D. Wyche, appellees (who are appellants in Cause No. 7987), for damages allegedly resulting from a breach of a written lease from Carter to Long of Carter's ranch, and the alleged breach of a written contract by which Wyche assumed Long's obligations under said lease.

The lease between Carter and Long provided essentially, among other things, the following: Carter leased to Long approximately 7500 acres in Cherokee County, Texas, for hunting, fishing and recreational purposes for a period of ten years, unless sooner terminated, and subject to the exceptions, terms and conditions expressed below in the lease; the lease was limited to hunting, fishing and recreational activities, and stated specifically other matters it did not include, and stated that Long could use two certain dwellings on the property, and Long was obligated to pay certain stated items of taxes and insurance; that Long was to maintain and conduct Neches Hunting and Fishing Club on said land and sell memberships in said club, with applicants for memberships having to be approved by Carter; that "all activities of the club shall conform to applicable state and federal law;" Long was authorized to sell bait, food, refreshments, supplies, services, etc.; both Carter and Long, their families and house guests were to have the privilege of the use of the club and its facilities; Long was required to carry appropriate liability insurance to save Carter harmless from liabilities that might arise, etc.; that Long was to construct an acceptable club house and at least five cabins, in the clubhouse area, of acceptable form, to erect a boat house, build roadways necessary for club purposes, clean out the lakes, and erect such other structures and facilities as may be necessary to the conduct of such club, and at the cost and expense of Long; Long was to devote his full time to the management of the club, but was to receive no salary; Long was to select an acceptable auditor and keep accounts, books and accounts on all expenditures made by him in constructing improvements, and in operating the club, and beginning September 1, 1963, Long was to render to Carter a monthly statement of the financial transactions of the club, etc., and was to open an account in a Jacksonville bank, depositing all monies of the club therein with all disbursements to be evidenced by checks; that all profit from the operation of the club was to be retained by Long until he had been reimbursed for costs of improvements and club expenses, except that one-fourth of the membership fees should be paid to Carter, and that Carter had the option of continuing to receive said one-fourth of said membership fees as rents for the property, or he could take one-half of the net profits arising from the club; the contract provided in paragraph VI for the option of Carter to sell the property, and specified what Carter would pay Long if the property was sold by Carter; provisions were made in the contract with reference to the contingency of the death of Long during the continuance of the lease; Long also could not assign or sublease without the written consent of Carter; the provisions of the lease would extend to the heirs, successors and legal representatives of the parties; the contract was effective as of May 15, 1963, with insurance bills and club bills being payable by Long, with the contract to terminate May 15, 1973, with Long having the right of refusal to continue the lease, as to any contract acceptable to Carter, which might at that time be proposed.

On October 14, 1963, a written agreement was made between Long and Wyche and other parties (such other parties were sued in this case by Carter, but were later dis-

missed from the suit and are not parties to this appeal), which agreement provides:

\* \* \* \* \* \*

"Second parties agree to take over the obligations of the First party under that contract of lease dated May 15, 1963, between J. W. Long and Harry Lee Carter, for the operation of a Club known as Neches Hunting and Fishing Club, located on the Circle C. Ranch, in Cherokee County, Texas.

"The parties agree that all moneys received from memberships shall be applied as follows:

a). The equivalent of 25% to Harry Lee Carter, as provided in said contract.

b). 25% to J. W. Long until he has received the sum of about $12,000.00 in repayment of expenditures previous made by him on said Club, and then after said repayment of said sum, to be applied to improvements hereafter made.

c). 50% to second parties until the sum of improvements made by them have been paid for in full (including the portion in paragraph (b) above, if applicable.

Until all monies expended by Second Parties for improvements have been repaid, the profits exclusive of membership shall be paid 50% to Second parties and 50% to First Party. After improvements have been reimbursed the profits shall be divided.

a) the equivalent of 50% to Harry Lee Carter, at his option as provided in said contract;

b) 25% to First party.

c) 25% to Second parties.

"As provided in said contract, the First Party shall spend his time in the development of the Club properties and all parties hereto shall exert their best efforts for the full consummation of the intent of this contract including the furnishing by Second Parties of a representative on the premises as may be necessary to a full and complete promotion of the Club facilities.

"IN WITNESS WHEREOF, the parties have hereunto set their hands and seals this the 14th day of October, A.D. 1963.

/s/ J. W. LONG
J. W. Long,
Party of the First Part

\* \* \* \* \* \*

"C. B. Wyche

\* \* \* \* \*

Parties of the Second Part (Omitted are the signatures of four other parties who were dismissed from the suit)

The above terms and assignment is hereby approved and agreed to by

/s/ HARRY LEE CARTER
Harry Lee Carter"

On December 31, 1963, three of the four second parties assigned the lease to Wyche, and Wyche agreed to save said parties from liability. This agreement did not bear Carter's written signed approval. (However, as hereinbefore stated, the second parties were dismissed from the suit and are not involved in this appeal).

Defendant Long filed an answer and also filed a cross-action seeking damages. Defendant Wyche filed an answer raising defensive matters, but did not file a cross-action for damages.

Trial was to the court with the aid of a jury. A stipulation was made with reference to the items of taxes, insurance and other bills as hereinafter noted.

The jury in response to special issues submitted found, among other matters, the following: (issues 1 & 2) as of April 9, 1965, defendants Long and Wyche each had failed to develop the club properties in accordance with the terms of the written agreements (P. Ex. 1 and 2); (issue 3) the reasonable value of the buildings and slabs erected by defendant Long on the

property in question at the time Long left the property in 1965 was $16,000.00; (issue 4) the reasonable value, if they had been completed, of all buildings called for in the written contracts in question, was $74,000.00; (issue 5) that defendant Long did not fail to comply with the terms of the written agreements in question in the promotion of the club facilities and memberships therefor; (issue 6) that defendant Wyche failed to comply with the terms of the written agreements in question in the promotion of the club facilities and memberships therefor; (issue 7) that 100 of $300.00 fishing and hunting memberships would reasonably and probably have been sold except for the failure to promote the club facilities and memberships therefor; (issue 8) that C. D. Wyche signed the instrument dated October 14, 1963 (Plaintiff's Exhibit 2) on the condition that plaintiff Carter agreed to sell the property in question to C. D. Wyche and others; (issue 9) that plaintiff Carter encouraged C. D. Wyche and others to sign the instrument dated Oct. 14, 1963 (Plaintiff's Exhibit 2) so that sale of the property to C. D. Wyche could be completed; (issue 10) that before C. D. Wyche signed the instrument dated October 14, 1963 (P. Ex. 2), plaintiff Carter represented to C. D. Wyche that a sale of the property in question to Wyche and others could be negotiated for a price and on terms advantageous to C. D. Wyche; (issue 11) that except for the representation inquired about in issue 10, Wyche would not have signed the instrument dated Oct. 14, 1963 (P. Ex. 2); (issue 12) that after C. D. Wyche and others signed the instrument dated Oct. 14, 1963 (P. Ex. 2) plaintiff Carter refused to sell or negotiate the sale of the property in question; (issue 13) that Wyche advanced money and furnished equipment to be used on the property in question; (issue 14) that plaintiff Carter has received benefit from money advanced and equipment furnished by Wyche; (issue 15) that the sum of $37,500.00 would fairly and reasonably compensate Wyche for money advanced and equipment furnished for the improvement of the property in question; (issue 16) that plaintiff Carter did not evict Long from the premises in question without having good cause to do so; (issue 17 was not answered); (Issues 18 and 19) that the sum of $25,000.00 would reasonably and fairly compensate Long for money expended by him and labor performed by him, in improvements to the property in question; (issues 20, 21 and 22 relate to a dispute over hogs which are not material on this appeal); (issues 23, 24 and 25, relating to alleged exemplary damages sought by Long from Carter, were not answered); (issue 26) that after May 15, 1963, plaintiff Carter stated to Long and Wyche that he would obtain members necessary for the operation of the Neches Hunting and Fishing Club; (issue 27) that Long and Wyche believed and relied upon such statement by Carter that he would obtain members necessary for the operation of the Neches Hunting and Fishing Club; and (issue 28) that plaintiff Carter failed to obtain members necessary for the operation of the Neches Hunting and Fishing Club.

Plaintiff-appellant Carter filed on a motion that the trial court disregarded the answers of the jury to special issues 8, 9, 10, 11, 12, 13, 14, 15, 18, 19, 26, 27 and 28 and that the trial court render judgment for plaintiff against defendants jointly and severally for the sum of $68,000.00 based upon the stipulation of the parties and based upon the answers of the jury to special issues 1, 2, 3, 4, 6, 7 and 15.

Defendants-appellees Long and Wyche filed a motion for judgment on the verdict, pleadings and evidence and praying that Wyche recover judgment against Carter for $37,500.00, and that Long recover judgment against Carter for $25,000.00.

We quote from the trial court's judgment in part as follows:

"* * * and the jury having heard the substance of the pleadings stated and having heard the evidence and the argument of counsel, and the plaintiff and the defendants J. W. Long and C. D.

Wyche having stipulated in open court out of the presence of the jury, with respect to certain taxes, insurance and other obligations paid by plaintiff for said defendants, that if plaintiff prevails in this cause the amount of $2,500.00 shall be added to the amount of plaintiff's recovery, and the jury having responded to the special issues, definitions and explanatory instructions submitted to them by the Court as follows:

\*　　\*　　\*　　\*　　\*　　\*

Which findings were received by the Court and were filed and entered of record on the minutes of this Court; and the plaintiff having made and filed his Motion For Judgment On The Verdict And To Disregard Certain Issues, and the defendants having made and filed their Defendant's Motion For Judgment On The Verdict, Pleadings and Evidence, and the Court having duly heard and considered said motions, and such additional considerations and findings as were authorized by law having been had and made, and the Court being of the opinion that judgment should be rendered, as follows, for plaintiff:

"It is therefore ordered, adjudged and decreed by the Court that plaintiff, Harry Lee Carter, do have and recover of and from the defendants J. W. Long and C. D. Wyche, jointly and severally, the sum of $2,500.00, together with interest thereon at the rate of six per cent per annum from July 26th, 1968, which was stipulated and agreed upon by the parties as the date from which any money judgment in this cause should bear interest, and all costs of suit; for all of which let execution issue.

"All relief and recovery which is sought in this cause by any party and which is not hereby expressly granted shall be and is hereby denied.

"Plaintiff Harry Lee Carter then and there is open Court duly excepted to so much of said judgment as is adverse to plaintiff.

"Defendants J. W. Long and C. D. Wyche then and there in open Court duly excepted to so much of said judgment as is adverse to defendants."

The amended motions for new trial of Carter, Long and Wyche were overruled. Each and all of said parties have filed separate appeals from those portions of the judgment of the trial court which were adverse to each of them. The appeal of Carter is docketed as this cause, No. 7979, and the appeal of Long and Wyche is docketed as Cause No. 7987 in this court.

The trial court was undoubtedly correct in that portion of his judgment which awarded plaintiff Carter the sum of $2,-500.00 and costs against defendants Long and Wyche, because it was undisputed that Long and Wyche owed this amount to Carter for insurance, taxes and other bills.

The trial court in his written judgment stated that he considered the various motions for judgment and to disregard certain issues contained in the motions, and that after hearing said motions, and such additional considerations and findings as were authorized by law having been had and made, the court rendered judgment for plaintiff Carter against defendants Long and Wyche in the sum of $2,500.00 and costs, and all other relief and recovery sought by any party which was not expressly granted was denied. While the judgment of the trial court does not state what special issues, if any, were disregarded, the effect of the judgment of the trial court is clear—it awarded judgment to plaintiff Carter in the sum of $2,500.00 against defendants Long and Wyche, and denied all other claims of Carter, Long and Wyche.

Appellant Carter on appeal contends to the effect that certain jury findings with respect to oral agreements should be disregarded and that he is entitled to have judgment rendered for him in the additional amount of $65,500.00, which, with the $2,500.00 awarded to him in the judgment, would amount to $68,000.00.

After carefully considering the pleadings, evidence, findings of the jury, stipulations, and the additional findings and ruling that the trial court could have made, it is our view that the trial court rendered a correct judgment which should be affirmed.

The pleadings, evidence and jury findings and the various motions, are rather lengthy. Briefly, however, some of the salient facts relative to the case at bar are as follows: Carter and Long executed the original agreement (a 10 year lease) contemplating the establishment of a fishing and hunting club on Mr. Carter's ranch, as shown in the details of the agreement (however no time limit was specified in the lease as to when the improvements would be finally completed and as to how many and when the memberships were to be secured); by October, 1963, only the club house concrete slab had been poured with plumbing roughed in; Long had financial difficulties and by reason thereof he had Wyche as a partner, and Oct. 14, 1963, the second contract was executed as hereinbefore shown; no cabins or boathouse were ever built and it was undisputed that the hunting and fishing club never was successful "or even got off of the ground;" Long sold some memberships for bottle and food privileges; the club house was built and was open about two months until the sheriff arrested Long in 1965 on a liquor violation and in essence closed up Long's club house where liquor was being served contrary to law; Mr. Carter stated to the effect that when Long was arrested and the club house closed up, that he considered it a breach; thereafter Carter filed forcible detainer proceedings against Long to remove him from the premises and before the forcible detainer trial date Long requested Carter to give him time to move out of one of Carter's houses and move off the premises, which request was acceded to by Carter and Long in 1965 moved out and quitted Carter's house and the ranch and opened another club at another locality in Anderson County and did not return; prior thereto Long and Wyche had made some improvements of Carter's prop-

erty, including the building of roads, cleaning of the lakes, construction of club house, pouring an additional concrete slab, and perhaps some other matters; Carter testified to the effect that air conditioners were removed from the club house by parties who claimed that they were not paid for by Long; Mr. Carter also testified that certain other things, including some plumbing, drapes and other matters were removed from the club house, but as we view the evidence it is inconclusive as to whether Long or some one else removed some or all of these things. After Carter evicted Long in 1965 from Carter's house and the ranch premises, Long and Wyche did not return or make any more improvements on Carter's property.

We are of the view that Carter's acts had the effect of evicting Long from the premises, and Mr. Carter's actions of eviction, terminating and retaking possession constituted an election of remedies in that Carter elected to terminate the agreement and retake exclusive possession under the agreement rather than seek his remedies under the agreement. Thereafter of course, neither Long nor Wyche could finish the improvements, due to Carter's eviction of them. While as hereinafter related, we think under the circumstances in this case, Mr. Carter was justified in evicting Mr. Long from his premises, and was justified in terminating the lease agreement both with Long and Wyche, however we think that to allow Mr. Carter not only to benefit by the improvements and expenditures made on his property by Long and Wyche, without compensation, but also to allow Carter to collect what we consider in this record to be highly speculative damages as well, would unjustly enrich Carter. In this connection see Yarbrough v. Brookins, Tex.Civ.App., 294 S.W. 900, wr. dism., w. o. j., and 35 Tex.Jur.2d 569, Sec. 80.

Long and Wyche made expenditures and improvements on Carter's property, which Carter received the benefit of, after he evicted Long and in effect terminated the lease. This we think he was justified in

doing under the evidence and under the record in this case. Carter was also clearly entitled to judgment for $2,500.00 for insurance, taxes and other bills which were undisputedly owed to him by Long and Wyche. However, since Carter elected to oust Long and terminate the lease as to Long and Wyche, and retain the benefits of the improvements made by them, we think it would be inequitable for him to recover the additional sum of $65,500.00 as damages. We think the trial court's judgment insofar as it denied recovery to Carter of the additional $65,500.00 can be sustained for the reason above indicated.

Also the jury's finding to special issue No. 7, with respect to 100 memberships at $300.00 each would have reasonably and probably have been sold, etc., was based upon what we consider to be no more than speculation, and was not supported by evidence of probative force under the doctrine of Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

It is our further view that the trial court's judgment insofar as it denied an additional recovery to Carter against Wyche can also be sustained for the additional reason by virtue of the jury's findings to special issues 8, 9, 10, 11 and 12, and that the findings of the jury to such issues were supported by evidence of probative force and that the evidence was sufficient to support such findings.

Under the view we take of the case, we think there were amply sufficient reasons to support the trial court's judgment, without determining the points raised by appellant contending to the effect that the oral agreements inquired about in special issues 8, 9, 10, 11 and 12 violated the parol evidence rule. However, if it were necessary to reach these questions it is our view that such points should be overruled under the record in this case. In this connection see the following authorities: 23 Tex.Jur.2d 532, sec. 358; Smith v. Pulliam, Inc., Tex.Civ.App., 388 S.W.2d 329, 394 S.W.2d 791 (Tex.Sup.Ct.); Edens v. Duncan, Tex.Civ.App., 331 S.W.2d 810, wr. dism.; Garza v. Garza, Tex.Civ.App., 371 S.W.2d 934.

We are of the view that under the evidence in this case, the findings of the jury, and the implied rulings and findings of the trial court, in support of the judgment, that the judgment of the trial court was correct in only awarding the plaintiff Carter the sum of $2,500.00 and costs. Each and all of plaintiff-appellant Carter's points and contentions have been considered and we are of the opinion that none of them present reversible error under the record in this case.

We likewise hold (as stated in opinion in Cause No. 7987) that Long and Wyche who are appellants in Cause No. 7987, were not entitled to recover anything against Carter.

We find that the trial court entered a correct judgment under the record in this cause.

The judgment of the trial court is affirmed.